MISSOURI, K. & T. RY. CO. OF TEXAS v. PATRICK.

(Circuit Court of Appeals, Eighth Circuit.    March 28, 1906.)

No. 2,292.

1. CARRIERS—CONTRACT OF SHIPMENT.
    Neither a bill of lading nor any other writing is necessary to constitute a contract of shipment, an oral contract, in the absence of fraud or imposition, when satisfactorily proved, being as obligatory on both carrier and shipper as a written one.
    [Ed. Note.—For·cases in point, see vol. 9, Cent. Dig. Carriers, § 202.]

2. SAME—EVIDENCE OF CONTRACT—UNSIGNED BILL OF LADING.
    Plaintiff, through an agent, delivered certain goods to defendant railroad company for shipment, and asked for a bill of lading, which was given, but the station agent neglected to sign it.    The goods having been lost, plaintiff brought suit for their value, setting up the writing as the contract of shipment.    *Held*, that the paper, while not constituting a written contract, was evidence of the contract actually made, and, in the absence of any evidence to the contrary, established the terms of such contract.

3. SAME—LIMITATION OF LIABILITY FOR LOSS OF GOODS.
    A contract, by which the liability of a carrier for loss of goods in shipment is limited to an agreed value per hundred pounds, in consideration of a reduced rate given the shipper, is valid. and enforceable.
    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 663–667.]

4. SAME—CONTRACT OF SHIPMENT—ESTOPPEL.
    Where a .shipper accepted and acted on a paper given to his agent as a bill of lading, and which. contained a provision limiting the carrier's liability in case of loss, he cannot deny that such was the contract, on the ground that his agent was unable to read it.

5. APPEAL AND ERROR—AFFIRMANCE—REMISSION OF PART OF RECOVERY.
    Where a railroad company, when sued by a shipper for a loss of goods, pleaded a limitation of its liability, but did not tender or offer to pay the amount due upon its own construction of the contract, and, relying on ·another defense, contested the case and carried it through several courts, incurring heavy costs, on a final decision sustaining its contention as to the limitation, the appellate court will affirm the judgment for the reduced amount on a remittitur of the excess by plaintiff.

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 88 S. W. 330.

Clifford L. Jackson, for plaintiff in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge.    Defendant in error, who was plaintiff below, delivered to defendant's station agent at South Canadian two boxes of goods to be carried to Durant, Ind. T.    On delivery of the boxes, plaintiff, who was acting through his wife as agent, requested a bill of lading.    The station agent gave him what purported to be one, fixing the terms and conditions of shipment, but neglected to sign it.    By its provisions plaintiff, in consideration of a reduction of about 33 per cent. from the regular freight rate to Durant, stipulated to release the railroad from liability for all loss, except $5 for each

hundred pounds of goods carried. The reduced rate of freight was paid, but the goods were never carried to Durant, but were lost. Plaintiff, ignoring the stipulation for limited liability, sued the railroad company in a trial court of the Indian Territory for the full value of the goods. He filed his supposed bill of lading, with his petition, as the contract sued on, and, at the trial which followed, offered it in evidence to prove his right of recovery. Judgment was rendered in his favor for the actual value of the goods, $60.40, and an appeal was taken to the United States Court of Appeals in the Indian Territory, where the judgment of the lower court was affirmed. The limitation of the amount of recovery for the loss, as specified in the contract, was held by the latter court to be invalid, and the common-law liability was held to attach for the full value of the goods lost because the bill of lading, or contract, was unsigned. A writ of error taken from this court raises the single question whether the contract as made limits plaintiff's right of recovery to $5 per hundredweight of the goods shipped.

The United States Court of Appeals for the Indian Territory, in the course of its opinion, says:

"But the paper issued and denominated a bill of lading in the case at bar was never signed by the carrier, and by reason of that fact it was not a bill of lading, and consequently the pretended limitation of liability stated therein was not binding on the appellee, and none of its provisions were binding on either the carrier or the shipper. Therefore there is no evidence that any verbal or written contract was made between the parties, limiting the common-law liability of the carrier."

For want of the signature of the defendant's agent the paper sued on was not a bill of lading, nor in itself a contract. This may be conceded, but the concession does not dispose of the case. Neither the bill of lading nor any written contract were necessary to constitute a contract of shipment. It may be orally made, and when so made, in the absence of fraud or imposition, it is as obligatory upon both the shipper and carrier as a written one. The difficulty generally arises in establishing its terms by parol, but, when once established, it determines the rights and obligations of the parties, except as affected by statutory law, as conclusively as if it had been in writing and in the accepted form of a negotiable bill of lading. Elliott on Railroads, vol. 4, § 1503; Hutchinson on Carriers, § 242; Railway Co. v. Jurey, 111 U. S. 584, 4 Sup. Ct. 566, 28 L. Ed. 527, and cases cited.

The paper sued on, in our opinion, was very satisfactory evidence of the contract of shipment as actually made. Something was asked by the shipper's agent, expressing the obligation of the carrier, and, pursuant to her request, the paper in question was given her. She forthwith delivered it to her husband, who used it in making a claim for compensation for his loss; filed it as an exhibit in the case showing his contract with defendant; and offered it in evidence at the trial to substantiate his right. More than this, he took the benefit of the low rate of freight specified in the paper. He paid only two-thirds of the established rate for unlimited common-law liability. If the station agent, instead of answering the shipper's question by handing

to him the paper purporting to be a bill of lading, had orally made use of the language employed in the paper, and the parties had acted upon it, as they did in this case, no one would question the competency of his statement to prove the contract. A fortiori, the paper in question was competent evidence. It eliminated much, if not all, the uncertainty attending proof of oral contracts.

Some evidence appears in the record tending to show that plaintiff's agent, who negotiated the contract of shipment with defendant's station agent at South Canadian, could not read, and did not know or appreciate the force of the provision limiting defendant's liability. The printed but unsigned paper was received and acted upon by her as the contract of shipment. There is no evidence of any fraud, hasty action, imposition, or other conduct on the part of the station agent tending to prevent the shipper's agent from knowing or understanding the contents of the paper. Moreover, the husband, after receiving the paper, with full knowledge of all the facts, adopted and ratified it as his contract with the carrier. For both these reasons he cannot be heard to say that his agent did not read or appreciate the provisions of the contract from which he now seeks to escape. Kirkland v. Dinsmore, 62 N. Y. 171, 20 Am. Rep. 475; Schaller v. C. & N. W. Ry. Co., 97 Wis. 31, 71 N. W. 1042.

As there is no evidence to the contrary, the statement made to plaintiff's agent in and by the unsigned paper, and acted upon by both his agent and himself, must be treated as the contract of shipment. It contains a clear provision limiting, in consideration of reduction in freight charges, the liability of the carrier for loss of the goods shipped by the plaintiff. This is a lawful and enforceable stipulation, even as to goods lost or destroyed by the negligence of the carrier. Hart v. Pennsylvania Railroad Co., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717; Liverpool Steamship Co. v. Phoenix Ins. Co., 129 U. S. 397, 442, 9 Sup. Ct. 469, 32 L. Ed. 788; Primrose v. Western Union Telegraph Co., 154 U. S. 1, 15, 14 Sup. Ct. 1098, 38 L. Ed. 883; Chicago Mil. etc. Railway v. Solan, 169 U. S. 133, 135, 18 Sup. Ct. 289, 42 L. Ed. 688; Cau v. Texas & Pac. Ry. Co., 194 U. S. 427, 24 Sup. Ct. 663, 48 L. Ed. 1053.

In the leading case of Hart v. Railroad Co., it is said:

"It is just to hold the shipper to his agreement fairly made as to value, even when the loss or injury was occasioned through the negligence of the carrier. * * * The limitation as to value has no tendency to exempt from liability for negligence. It does not induce want of care. It exacts from the carrier the measure of care due to the value agreed on. The carrier is bound to respond to that value for negligence."

It results that plaintiff was not entitled to recover the full value of the goods lost, but only the agreed value of $5 per hundredweight, which amounts to $7.50. The defendant railway company, while pleading that its liability was limited to that sum, did not tender it to plaintiff either before or during the trial, but pleaded, as a further defense, a failure on plaintiff's part to present a claim for damages sustained by him within 30 days after it accrued, according to the requirements of the contract of shipment. The proof fails to sustain that plea. As a result this small case has been carried through four

courts, and heavy costs have been incurred which might have been avoided, if defendant had seasonably offered to pay what it lawfully owed to plaintiff. Such being the case, we do not deem it just to so reverse this judgment as to cast the heavy burden of costs upon the plaintiff.

Our conclusion is that the judgment must be reversed, unless, within 40 days after the filing of this opinion, the plaintiff files in the clerk's office of the United States Court for the Central District of the Indian Territory, at South McAlester, a remittitur of $52.90, and, within 10 days thereafter, files with the clerk of this court a certified copy of the record showing the filing of such remittitur. If such remittitur and certified copy thereof be filed, a judgment will then be entered affirming the judgment to the extent of $7.50. If such remittitur and certified copy be not filed within the times aforesaid, the judgment will be reversed, with directions to grant a new trial.