## OTTO BETTGE v. THE TERRITORY OF OKLAHOMA.

(Filed September 4, 1906.)

1. CONSTITUTIONAL LAW—Trial by Jury. The provisions of the constitution of the United States, in relation to trials by jury for crimes and criminal prosecutions, are applicable to Oklahoma.

2. SAME—Same. A jury, within the meaning of the federal constitution, and the sixth amendment thereto, is a jury constituted, as it was at common law, of twelve persons, neither more nor less.

3. SAME—Same. Under the provisions of the federal constitution, the guarantee of an impartial jury in a criminal prosecution secures to the accused the right of a jury trial from the first moment, and in whatever court he is put on trial for the same offense charged.

4. SAME—Same. To accord to the accused the right to be tried by a jury in the appellate court, after he has been once fully tried otherwise than by a jury composed of twelve persons, in a court of original jurisdiction, and sentenced to pay a fine or be imprisoned for not paying it, does not satisfy the requirements of the federal constitution, except in that class or grade of offenses called petty offenses, which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose.

5. SAME—Same—Statutes Construed—Probate Court. The provision of our statute that a person charged with a misdemeanor may be tried in the probate court by a jury composed of only six persons, is in conflict with the federal constitution, and is therefore unconstitutional and void.

(Syllabus by the Court.)

*Error from the Probate Court of Lincoln County; before Fred A. Wagoner, Trial Judge.*

*J. B. A. Robertson,* for plaintiff in error.

*P. C. Simons, Attorney General,* and *Don C. Smith, Ass't* for defendant in error.

### STATEMENT OF FACTS.

Plaintiff in error was prosecuted in the probate court, by information filed on January 16, 1905, charging him with the crime of selling liquor without a license. When the case was called for trial the defendant demanded to be tried by a common law jury composed of twelve persons. This demand was refused by the probate court, to which ruling of the court the defendant duly excepted. The cause was then tried to a jury composed of only six persons, and a verdict was returned finding the defendant guilty as charged in the information. Motion for a new trial was filed and overruled, and exception saved, and the defendant was sentenced, on the 23rd day of January, 1905, to pay a fine of one hundred dollars and costs, and ordered committed until the fine and costs were paid or satisfied. From this judgment the defendant appeals.

Opinion of the court by

HAINER, J.: It is contended by the plaintiff in error that the constitution of the United States secured to him the right to be tried by a common law jury, composed of twelve persons, and that that right having been denied the probate court was without jurisdiction to impose a fine upon the defendant, or to order him to be imprisoned until such fine was paid. This precise question is before this court for the first time for determination.

Article 3, section 2, of the constitution of the United States provides:

"The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the state where the said crimes shall have been committed; but when

not committed within any state, the trial shall be at such place or places as the congress may by law have directed."

And by the sixth Amendment to the constitution, it is provided:

"In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law; and to be informed of the nature of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense."

It is the settled doctrine of the supreme court of the United States, that the provisions of the federal constitution relating to trial by jury for crimes, and in criminal prosecutions, apply to the organized territories of the United States. *Thompson v. State of Utah,* 170 U. S. 343; *American Publishing Co. v. Fisher,* 166 U. S. 464; *Springville v. Thomas.* 166 U. S. 707; *Callan v. Wilson,* 127 U. S. 540; *Reynolds v. United States,* 98 U. S. 145.

In *Thompson v. Utah, supra,* Mr. Justice Harlan, speaking for the court, said:

"But the wise men who framed the constitution of the United States and the people who approved it were of opinion that life and liberty, when involved in criminal prosecution, would not be adequately secured except through the unanimous verdict of twelve jurors. It was not for the state, in respect of a crime committed within its limits while it was a territory, to dispense with that guarantee simply because its people had reached the conclusion that the truth could be as well ascertained, and the liberty of an accused be as well guarded, by eight as by twelve jurors in a criminal case.

"It is said that the accused did not object, until after verdict, to a trial jury composed of eight persons, and therefore he should not be heard to say that his trial before such a jury was in violation of his constitutional rights. It is sufficient to say that it was not in the power of one accused of felony, by consent expressly given or by his silence. to authorize a jury of only eight persons to pass upon the question of his guilt. The law in force, when this crime was committed, did not permit any tribunal to deprive him of his liberty, except one constituted of a court and a jury of twelve persons."

And in *Callan v. Wilson, supra,* the same learned justice said:

"The third article of the constitution provides for a jury in the trial of 'all crimes, except in cases of impeachment.' The word 'crime,' in its more extended sense, comprehends every violation of public law; in a limited sense, it embraces offenses of a serious or atrocious character. In our opinion, the provision is to be interpreted in the light of the principles which, at common law, determined whether the accused, in a given class of cases, was entitled to be tried by a jury. It is not to be construed as relating only to felonies, or offenses punishable by confinement in the penitentiary. It embraces as well some classes of misdemeanors, the punishment of which involves or may involve the deprivation of the liberty of the citizen. It would be a narrow construction of the constitution to hold that no prosecution for a misdemeanor is a prosecution for a 'crime' within the meaning of the third articles, or a 'criminal prosecution' within the meaning of the sixth amendment. And we do not think that the amendment was intended to supplant that part of the article which relates to trial by jury. There is no necessary conflict between them. Mr. Justice Story says that the amendment, 'in declaring that the accused shall enjoy the right to a speedy and public trial by an impartial

jury of the state or district wherein the crime shall have been committed, (which district shall be previously ascertained by law), and to be informed of the nature and cause of the accusation, and to be confronted with the witnesses against him, does but follow out the established course of the common law in all trials for crimes.' Story on the Constitution, sec. 1791. And as the guarantee of a trial by jury, in the third article, implied a trial in that mode and according to the settled rules of the common law, the enumeration, in the sixth amendment, of the rights of the accused in criminal prosecutions is to be taken as a declaration of what those rules were, and is to be referred to the anxiety of the people of the states to have in the supreme law of the land, and so far as the agencies of the general government were concerned, a full and distinct recognition of those rules, as involving the fundamental rights of life, liberty, and property. This recognition was demanded, and secured for the benefit of all the people of the United States, as well those permanently or temporarily residing in the District of Columbia, as those residing or being in the several states. There is nothing in the history of the constitution or of the original amendments to justify the assertion that the people of this district may be lawfully deprived of the benefit of any of the constitutional guarantees of life, liberty and property—especially of the privilege of trial by jury in criminal cases. In the draft of a constitution reported by the Committee of Five, on the 6th, August, 1787, in the convention which framed the constitution, the 4th section of article XI read that 'the trial of all criminal offences (except in cases of impeachment) shall be in the states where they shall be committed; and shall be by jury.' 1 Elliott's Deb., 2 ed., 229. But that article was, by unanimous vote, amended so as to read: 'The trial of all crimes (except in cases of impeachment), shall be by jury; and such trial shall be held in the state where the said crimes shall have been committed: but when not committed within any state, then the

trial shall be at such place or places as the legislature may direct.' *Id.* 270. The object of thus amending the section, Mr. Madison says, was 'to provide for trial by jury of offenses committed out of any state.' 3 Madison Papers, 144. In *Reynolds v. United States,* 98 U. S. 145, 154, it was taken for granted that the sixth amendment of the constitution secured to the people of the territories the right of trial by jury in criminal prosecutions; and it had been previously held in *Webster v. Reid,* 11 How. 437-460, that the seventh amendment secured to them a like right in civil actions at common law. We cannot think that the people of this district have, in that regard, less rights than those accorded to the people of the territories of the United States."

In a recent case this same question was again before the supreme court of the United States, in construing an act of congress, which provided that misdemeanors in Alaska may be tried by a jury composed of six persons. In *Rassmusse v. United States,* 197 U. S. 516, it was held that under article 5, of the constitution, and the sixth amendment to the federal constitution, congress cannot deprive a person, charged with a misdemeanor, of a trial by a common law jury; and that section 171 of the Alaska code, 31 Stat. 358, in so far as it provides that in trials for misdemeanors six persons shall constitute a legal jury, is unconstitutional and void.

But it may be said that the requirements of the constitution of the United States are fully satisfied, where the accused is accorded, at some stage of the prosecution, a right of trial by jury; and it was so held by this court in the case of *Collier v. The Territory,* 2 Okla., 444, where it was held that:

"A law of the legislature of this territory which provides that cases which the justice court has power to hear

and determine may be tried before a jury of six men, and where it gives the defendant the right of appeal to the district court where he may be tried by a jury of twelve men, is not unconstitutional."

It will be seen that this rule announced by our court, is in direct conflict with the decisions of the supreme court of the United States above cited.

In *Callan v. Wilson, supra,* it was urged by the government that the requirements of the constitution were fully met, where the accused is accorded, at some stage of the prosecution against him, the right of trial by jury. Mr. Justice Harlan, after referring to the various statutory provisions of the District of Columbia, said:

"These provisions, undoubtedly, secure the right of appeal from the police court to the supreme court of the district, and a trial by jury in the latter court. But the fact remains that the accused may, under the statute, be tried in the court of original jurisdiction, upon the issue of guilt or innocence; and by its judgment, unless he gives security for his appearance in another court, he may be deprived of his liberty. The police court is not, in such cases, an examining court merely, but a trial court, in the fullest sense of those words."

And after reviewing the authorities upon this subject, the learned justice concludes:

"We cannot assent to that interpretation of the constitution. Except in that class or grade of offenses called petty offenses, which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose, the guarantee of an impartial jury to the accused in a criminal prosecution. conducted either in the name, or by or under the authority of the United States, secured to him the right to enjoy that mode of trial

from the first moment, and in whatever court, he is put on trial for the offense charged. In such cases a judgment of conviction, not based upon a verdict of guilty by a jury, is void. To accord to the accused a right to be tried by a jury, in an appellate court, after he had been once fully tried otherwise than by a jury, in the court of original jurisdiction, and sentenced to pay a fine or be imprisoned for not paying it, does not satisfy the requirements of the constitution. When, therefore, the appellant was brought before the supreme court of the district, and the fact was disclosed that he had been adjudged guilty of the crime of conspiracy charged in the information in this case, without ever having been tried by a jury, he should have been restored to his liberty."

The rule announced in *Collier v. The Territory,* being in conflict with the settled decisions of the supreme court of the United States, is overruled, in so far as it conflicts with this opinion.

It follows that the provisions of the act of the legislature, depriving the defendant in this case of a right to a trial by a common law jury, are repugnant to the constitution of the United States, and therefore, unconstitutional and void.

The judgment of the probate court is reversed, and the cause remanded with directions to discharge the defendant.

All the Justices concurring.