## St. Louis & S. F. R. Co. v. Haywood *et al.*

No. 881.   Opinion Filed January 11, 1910.

(106 Pac. 862.)

1. **RAILROADS—Construction of Side Tracks—Procedure.** Private persons or corporations desiring the construction of side tracks to accommodate their particular industries, except in a case of unjust discrimination, should proceed under section 33, art. 9, Const. (Snyder's Const. p. 267), requiring such persons or corporations to pay the cost of such construction, and not under section 18 of article 9 of the Constitution (Snyder's Const. p. 238), relating to the regulation and control of public service corporations in regard to their public duties.

2. **SAME—Case.** A railway company operating a line of road through a town permitted an elevator to be built on its right of way alongside an established side track. Thereafter com-
Vol. 25—27

plainant made application for permission to place his elevator on the right of way, but not at this or any other side track or where there were any other elevators, which request was denied. He thereafter constructed his elevator off the right of way and made application, and secured from the Corporation Commission under and by virtue of section 18 of article 9 of the Constitution (Snyder's Const. p. 238) an order requiring the railway company to build a switch from its line of road to his elevator, from which order the company appealed to this court. **Held,** that the making of said order was error, the complainant's remedy being provided for by section 33 of article 9 of the Constitution (Snyder's Const. p. 267).

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Action by E. K. Haywood and the State against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and the railroad company appeals. Reversed.

*R. A. Kleinschmidt,* for plaintiff in error.

*Geo. A. Henshaw,* Asst. Atty. Gen., for defendants in error.

DUNN, J. This case presents an appeal to this court by plaintiff in error from an order of the Corporation Commission. The evidence in the case shows that at the town of Boynton some time prior to the location of complainant at that point the defendant railroad company, which operates a line of road through said town, had permitted an elevator to be located on its right of way adjacent to, and alongside of, its established side track. The complainant, without requesting the privilege of locating his elevator on this side track, built the same about a quarter of a mile therefrom and off the right of way, and this case grows out of the allowance of his application by the Corporation Commission in an order requiring the company to construct for his use at its cost a spur of track running from the main line of the railroad to his elevator.

The facts of this case fall squarely within the case of *Chicago, Rock Island & Pacific Ry. Co. v. State et al.,* 23 Okla. 94, 99 Pac. 901, in which this court on consideration of facts identical with those in the case at bar held:

"Private persons or corporations desiring the construction of

side tracks to accommodate their particular industries should proceed under Const. art. 9, § 33 (Bunn's Ed. § 246), requiring such persons or corporations to pay the expense of such construction, and not under section 16 [18] (Bunn's Ed. §222), relating to the establishment of public service facilities and conveniences."

The company in the case at bar, having permitted one elevator to be established on its side track on its right of way, was required by the law of its business and existence to refrain when requested from denying others the same privilege. In the case at bar the complainant testified that he had never made any request to locate his elevator on the right of way upon the track where the other one was situated nor upon any side track located at that station. He requested permission to build it upon the right of way at another point where there was no side track or other elevators and this request has been denied. Then it was that he built it off the right of way. The duty resting upon a common carrier to render service to all alike is based upon the proposition that it shall in no instance unjustly discriminate in favor of some and against others, and the complainant in this case, in order to show that he has been unjustly discriminated against, must first show that he made application for the same service which was at that time being rendered to others, and that it was denied him. If complainant could build his elevator off defendant's right of way and then demand that a side track be built to it at the cost of the railway company, so could as many others as might apply, and the railroad and finally the general public by such a process would be burdened unreasonably by the expense incident thereto. Hence it follows that complainant, having selected his own location for his elevator, and by making no request for a location on the side track and alongside of the elevator already built, will secure his facilities under section 33 of article 9 of the Constitution, and cannot avail himself of the remedial provisions of section 18 of article 9 of the Constitution.

The order of the Corporation Commission is accordingly reversed.

All the Justices concur.