MISSOURI, K. & T. RY. CO. v. McLAUGHLIN *et al.*

No. 923.   Opinion Filed July 11, 1911.

(116 Pac. 811.)

1.   **STATUTES—Law of States—Necessity of Pleading and Proving.**
In order to take advantage of a law of a sister state, it must be
pleaded and proven; otherwise it will be presumed to be the
same as the law of the state of the forum on the same subject.

2.   **CARRIERS—Loss of Freight—Limitation of Liability.** Under the
law in force in Oklahoma prior to statehood, a provision in a
shipping contract limiting, in consideration of a reduction in
freight charges, the liability of a carrier for household goods
lost in transit to a stipulated sum was lawful and enforceable.

(Syllabus by the Court.)

*Error from District Court, Mayes County; T. L. Brown, Judge.*

Action by A. T. McLaughlin and Tampa McLaughlin against
the Missouri, Kansas & Texas Railway Company. Judgment for
plaintiffs, and defendant brings error. Reversed and remanded.

*Clifford L. Jackson* and *W. R. Allen,* for plaintiff in error.

*Nevlin Campbell* and *J. H. Langley,* for defendants in error.

KANE, J.   This was an action for damages for the loss of
a shipment of household goods, shipped from Kearney, Neb., to
Pryor Creek, Ind. T., prior to statehood. The action was com-
menced by the defendants in error, plaintiffs below, against the
plaintiff in error, defendant below, and the petition was drafted
upon the theory that the defendant's liability must be measured
by the rule applicable to carriers at common law.

The answer, among other defenses, alleged, in substance,
that the shipment of household goods was made under the terms
of a written contract of shipment, wherein it is provided that,
in the event of loss or damage to said shipment, the railway
company on whose line the loss or damage of shipment occurred
should not be liable in excess of $5 per 100 pounds therefor, and
tendered in court the amount that would be due the plaintiffs
for the loss under the special contract, and the tender was re-

fused. On the trial, which resulted in a verdict for the plaintiffs, upon which judgment was duly rendered, the court sustained an objection to the introduction in evidence of the special contract, and this ruling of the court is the principal ground of complaint on the part of the defendant.

We think it was error to sustain the objection to the introduction of the special contract. Provisions in such contracts executed prior to statehood, limiting the liability of carriers to a stipulated sum, have been held valid by this court in several cases; the principal one being *C., R. I. & P. Ry. v. Wehrman,* 25 Okla. 147, 105 Pac. 328. The court below probably took the view of counsel for plaintiffs that, although the issues were tried in an Oklahoma court, the contract being a Nebraska contract, the court was bound by the law of the state of Nebraska, and under the laws of that state such a contract would be absolutely null and void as in contravention of the laws of the state. The laws of Nebraska, however, were not pleaded or proven, and the presumption is that they are the same as the laws of the forum. Applying this rule, if the laws in force in the Indian Territory prior to statehood govern, the case would be controlled by *M., K. & T. Ry. Co. v. Patrick,* a case from the Indian Territory, decided by the Circuit Court of Appeals of the Eighth Circuit, 144 Fed. 634, 75 C. C. A. 436, wherein, speaking of a contract similar to the one herein involved, the court said:

"It contains a clear provision limiting, in consideration of reduction in freight charges, the liability of the carrier for loss of the goods shipped by the plaintiff. This is a lawful and enforceable stipulation, even as to goods lost or destroyed by the negligence of the carrier. * * * It results that plaintiff was not entitled to recover the full value of the goods lost, but only the agreed value of $5 per hundred-weight, which amounts to $7.50."

The Patrick case follows the case of *Hart v. Penn. R. Co.,* 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717. The Wehrman case involved a contract executed on the Oklahoma side of the state, and of course would govern, if it were necessary to presume that the Nebraska laws are the same as the laws of Oklahoma.

which would probably be the presumption which would prevail; the suit being brought after statehood.

The cause must be reversed and remanded, with directions to grant a new trial.

All the Justices concur.