## ATCHISON, T. & S. F. RY. CO. v. JOHNSON *et ux.*

No. 912.   Opinion Filed July 11, 1911.

(116 Pac. 812.)

**CARRIERS—Loss of Freight—Limitation of Liability.** Reversed on the authority of **M., K. & T. Ry. Co. v. Patrick,** 144 Fed. 634, 75 C. C. A. 434, and other cases cited in **M., K. & T. Ry. Co. v. McLaughlin,** ante, p. 345, 116 Pac. 811.

(Syllabus by the Court.)

*Error from District Court, Tulsa County; L. M. Poe, Judge.*

Action by L. H. Johnson and wife against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*Cottingham & Bledsoe* and *Geo. M. Green,* for plaintiff in error.

KANE, J.   This was an action to recover damages for loss of a shipment of household goods, commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, in the mayor's court of the city of Tulsa, Ind. T., prior to statehood.   Judgment was rendered in favor of the plaintiffs by default in the mayor's court, and the case was appealed to the United States Court for the Western District of the Indian Territory and was afterwards transferred to the district court of Tulsa county, where it was tried.

The complaint alleges, in substance, that on the 19th day of October, 1906, the plaintiffs delivered to the defendant, at Oklahoma City, four boxes of household goods and four other pack-

ages of household goods to be carried to Tulsa, Ind. T.; that by the negligence of said railway company a large portion of said goods was never delivered to said plaintiffs, whereby they were injured in the sum of $78.93.

In the district court the defendant filed its answer, which, among other things, alleges that it received the household goods for transportation in accordance with the terms of a certain written contract, wherein it is expressly provided that in case of loss or damage the liability of the company should be limited to $5 per hundredweight, and further alleges that even if said articles had been delivered to the defendant as alleged by said complaint, under the terms of the contract, the measure of damages should be $5 per hundredweight, which would be much less than the common-law liability alleged by plaintiffs.

After the plaintiffs rested, the defendant introduced its evidence and offered in evidence the special contract set up in its answer, whereupon it rested. Thereupon the plaintiffs filed a demurrer to the evidence introduced by the defendant, for the reason that its answer is not proven, and asked the court to direct a verdict in favor of the plaintiffs, which the court did in the following language:

"Gentlemen of the jury, in view of the court's construction of the contract as introduced in evidence here by the railroad company, I will sustain a demurrer to the evidence and instruct you, gentlemen, to return a verdict in favor of the plaintiff."

To reverse the judgment entered in accordance with the instruction of the court, this proceeding in error was commenced.

There is no brief on behalf of the defendants in error, so we are not informed as to what construction the court below put upon the special contract, but he probably took the view that the limitation therein as to the amount of recovery was in contravention of some statute, or void as against public policy. In this the court was in error. *M., K. & T. Ry. Co. v. Patrick,* 144 Fed. 634, 75 C. C. A. 434; *Hart v. Penn. R. Co.,* 12 U. S. 331, 5 Sup Ct. 151, 28 L. Ed. 717; *C., R. I. & P. Ry. Co. v. Wehrman,* 25 Okla. 417, 105 Pac. 328; *M., K. & T. Ry. Co. v. McLaughlin, ante,* p. 345, 116 Pac. 811.

Upon the authority of the above cases, the judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.