## CHICAGO, R. I. & P. RY. CO. v. CONWAY.

No. 1553.   Opinion Filed February 6, 1912.

Rehearing Denied August 20, 1912.

(125 Pac. 1110.)

1.  CARRIERS—Transportation of Live Stock—Bill of Lading—Notice of Injury.  When a bill of lading, under which live stock are shipped by rail, provides that, as a condition precedent to recovering damages for loss, or injury, or detention, or delay in transportation, the shipper shall give written notice to the company before the stock is removed from the place of destination, and before such stock is mingled with other stock, and that such notice shall be given within one day after the delivery of the stock, such notice is necessary as a condition precedent to recovery.

2.  SAME—Burden of Proof.  In such a case, the burden of proof rests upon the plaintiff to show that the notice was given within the time provided.

3.  SAME—Hearsay—Proof of Notice.  The testimony of the plaintiff, to the effect that he prepared a written notice and left it with his commission firm at destination, and that they afterwards wrote him that they had filed it with the defendant, is incompetent.

(Syllabus by Ames, C.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by Mike R. Conway against the Chicago, Rock Island & Pacific Railway Company to recover damages sustained from delay in the shipment of live stock from Billings, Okla., to Kansas City, Mo., prior to statehood.  Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*C. O. Blake, H. P. Low, R. J. Roberts,* and *W. H. Moore,* for plaintiff in error.

*Henry S. Johnston,* for defendant in error.

Opinion by AMES, C.  At the trial there was evidence tending to show an unreasonable delay in the shipment of these

cattle and a shrinkage in weight and value, caused thereby. The only points necessary to a decision are whether or not written notice, as required by the bill of lading, was necessary, and, if so, upon whom rested the burden of proof. The seventh paragraph of the bill of lading contains the following provision:

"That, as a condition precedent to claiming or recovering damages for any loss or injury to or detention of live stock, or delay in transportation thereof, covered by this contract, the second party, as soon as he discovers such loss or injury, shall promptly give notice thereof in writing to some general officer, claim agent or station agent of the first party, or to the agent at destination or to some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, as the case may be, and before such stock is mingled with other stock; and such written notice shall in any event be served within one day after delivery of the stock at its destination, in order that such claim may be fully and fairly investigated. It is agreed that a failure to strictly comply with all the foregoing provisions shall be a bar to the recovery of any and all such claims."

It will be noticed that this paragraph applies specifically to any injury caused by "delay in transportation"; and therefore the loss claimed is one to which the contract applies. The validity of this provision, in the absence of evidence to the contrary, has been upheld by this court too often to require discussion, and it follows that it was necessary for the notice to be given. *St. L. & S. F. R. Co. v. Phillips,* 17 Okla. 264, 87 Pac. 470, *Missouri, K. & T. Ry. Co. v. Davis,* 24 Okla. 677, 104 Pac. 34, 24 L. R. A. (N. S.) 866; *Patterson v. Missouri, K. & T. Ry. Co.,* 24 Okla. 747, 104 Pac. 31; *St. Louis & S. F. R. Co. v. Cake,* 25 Okla. 227, 105 Pac. 322; *Missouri, K. & T. Ry. Co. v. Hancock,* 26 Okla. 254, 109 Pac. 220; *Missouri, K. & T. Ry. Co. v. Hancock & Goodbar,* 26 Okla. 265, 109 Pac. 223; *Midland Valley R. Co. v. Ezell,* 29 Okla. 40, 116 Pac. 163; *Missouri, K. & T. Ry. Co. v. McLaughlin,* 29 Okla. 345, 116 Pac. 811.

It is true that in the Patterson case, *supra,* it was held that this notice was unnecessary, where the claim was for hogs killed in transit, which were removed from the car by the employees of the railroad company. But in that case the reason for the re-

quirement applies, as the condition of the live stock at the time they were delivered was very material, and the defendant was entitled to an examination of them, in order that it might ascertain their condition and the extent of the injury.

The notice being necessary, and there being no competent evidence showing the contents of such notice or when it was given, it becomes necessary to decide whether the burden of proof rested on the plaintiff to show that he gave notice, or whether the burden rested on the defendant to show that the plaintiff did not give it. If the burden rested on the plaintiff, then he was not entitled to recover on the evidence offered; while, if the burden rested on the defendant, then the absence of this evidence would not prevent a recovery by the plaintiff. It will be observed that by the language of the contract the giving of this notice is made a condition precedent to recovery.

This question has been before the court in five cases, in four of which the court has held that the burden rests on the plaintiff, and in one of which the court has accepted the defendant's assumption of the burden of proof.

In *St. Louis & S. F. R. Co. v. Phillips,* *supra,* the provision of the bill of lading was substantially the same as here. The question arose on the pleadings. The plaintiff sued on the contract. The defendant admitted the execution of the contract and alleged that the plaintiff had failed to give the notice required. The reply was a general denial, unverified. The plaintiff did not allege affirmatively that he had given the notice; nor did he plead any facts constituting a waiver of it. In the first paragraph of the syllabus, it is said:

"Where it is alleged in said answer that this provision of the contract has not been complied with, and where the plaintiff files a reply setting up only a general denial, such written contract is thereby admitted; and where neither the petition nor the reply contains an allegation of compliance with the conditions of the bill of lading or contract, and the said pleadings on the part of the plaintiff contain no allegation of waiver of such contract, and no facts are alleged therein tending to show an actual or substantial compliance with the said bill of lading or contract,

and no excuse is offered or set up in the pleadings for the non-compliance, said pleadings do not state a cause of action in favor of the plaintiff, and a motion for judgment for the defendant on the pleadings should be sustained, in the absence of any request for leave to amend by the plaintiff."

On page 271 of 17 Okla., 87 Pac. 473, it is said:

"Upon this bill of lading and its accompanying shipping contract, the plaintiff based his cause of action. This, of itself, would put upon the plaintiff the responsibility of proving compliance with the material parts of said contract on his part."

On page 272 of 17 Okla., 87 Pac. 473, it is said again:

"The burden was upon the plaintiff, not only to prove, but to allege in his pleadings a compliance with the terms of the contract, for breach of which he sues."

And on page 275 of 17 Okla., 87 Pac. 474, it is said again:

"We take it to be the true rule of pleading that, where there is a condition precedent to be observed before an action can be maintained or a cause of action exist, the plaintiff must show that the condition has been performed, either actually or substantially, or that he has been in some way released from that condition by the act of the opposite party, and that, in the absence of such averment, the petition does not state facts sufficient to constitute a cause of action."

In *St. Louis & S. F. R. Co. v. Cake,* 25 Okla. 227, 228, 105 Pac. 322, 323, the identical question involved in the Phillips case was decided, and the same clause of a bill of lading was under consideration.    It is said in the syllabus:

"Where neither the petition nor the reply contains an allegation of compliance with the conditions of the contract, and the said pleadings on the part of the plaintiff contain no allegation of waiver of such contract, and no facts are alleged therein tending to show an actual or substantial compliance with the said contract, and no excuse is offered or set up in the pleadings for the noncompliance, said pleadings do not state a cause of action in favor of the plaintiff, and a motion for judgment for the defendant on the pleadings should be sustained, in the absence of any request for leave to amend by the plaintiff."

And on page 233 of 25 Okla., 105 Pac. 325, the following is quoted from the opinion in the Phillips case:

"Therefore, the execution of the contract being admitted, and the bill of lading referring thereto and containing practically

Chicago, R. I. & P. Ry. Co. v. Conway.

the same provision in regard to notice as a condition precedent to any claim for damage accruing to the shipper, the compliance with said condition precedent, and with the terms of said contract, could not be predicated or gathered from a general denial. It would certainly seem to be the duty of the defendant in error, upon admitting the execution of the contract, to either specially allege compliance with the terms thereof, or to specially plead some of the facts, if any such there were, which might tend to show a substantial compliance with the terms of said contract, and which might tend to relieve him from compliance therewith, or he should in some form have alleged a waiver of the terms of said contract on the part of the defendant. Neither of these things was done by the defendant in error. Now, it is a well-recognized principle of pleading that, where a party relies for his cause of action upon a breach of a written contract, the burden is upon him to allege and prove every material element necessary to his recovery thereunder. In other words, before he can complain of a breach of contract on the part of the other party, he must show that he has actually or substantially complied with the terms of the contract himself, or has been released therefrom by the other party."

In the Hancock & Goodbar case, *supra*, Mr. Justice Hayes, in a case very similar to the one at bar, held that the plaintiff was not entitled to recover without complying with this clause of the contract. On page 268 of 26 Okla., 109 Pac. 223, he says:

"The contract stipulates that, as a condition precedent to the shipper's right to recover any damages for any loss or injury to the live stock shipped, resulting from the carrier's negligence, including delays, the shipper shall, within 30 days after the happening of the injuries complained of, file with the freight or station agent of the carrier his claim for damages, giving the amount thereof, and stipulates that no suit shall be brought against the carrier after the lapse of 90 days from the happening of the injury. The evidence fails to disclose that any claim for damages was filed by plaintiffs before the institution of this action, and the suit was not brought until after the expiration of 90 days from the happening of the injuries complained of. The trial court refused to give, at the request of defendant, instructions charging the jury that, if they found that such claim had not been made within 30 days, and suit had not been brought within 90 days from the happening of the injuries, the verdict should be for the railway company."

As there was no evidence in that case to show that a claim was filed within the time limited, it was held by the court that the case should be reversed. This being true, it necessarily follows that the burden was on the plaintiff to offer this evidence. That is the exact condition of the case at bar. There is no competent evidence here to show when the claim was filed, or what the claim was, and, this being true, the Hancock & Goodbar case holds squarely that the plaintiff was not entitled to recover.

In the Ezell case, *supra,* 29 Okla. 40, 116 Pac. 163, the second paragraph of the syllabus is as follows:

"In an action upon such contract for loss and injury to live stock during transportation, a petition, which fails to allege compliance with the conditions of the contract requiring notice of the claim of damages or waiver thereof, is defective and insufficient to state a clause of action."

If the failure to allege compliance with the contract renders the petition insufficient, then, of course, it follows that the burden of proof rests upon the plaintiff to show compliance with the contract.

In the Patterson case, 24 Okla. 747, 104 Pac. 31, however, the fourth paragraph of the syllabus is as follows:

"If the carrier seeks to escape liability on the ground that the loss of or injury to the goods is one excepted by a valid special contract, he has the burden of proving, not only the making of such special contract, but also that the loss or injury for which the action is brought falls within a specified exception contained in such special contract."

This point, however, was rested on the fact that the defendant had voluntarily assumed the burden of proof, and does not apply to the facts in the case at bar.

The conclusion here reached is likewise supported by the decision of the court in other cases involving the construction of similar provisions in other contracts.

In *Gray v. Reliable Ins. Co.,* 26 Okla. 592, 110 Pac. 728, the first paragraph of the syllabus is as follows:

"A policy providing that in case of loss the insured shall mail written notice to the home office at Oklahoma City within 48 hours after the hail occurred; that the company's adjuster

after receiving such notice, shall make an estimate of such loss, and shall send his written estimate of the same to the home office, and mail or deliver a copy to the insured; that, if the insured be not satisfied with such estimate, the amount of the loss may be ascertained by three competent appraisers, the assured and insurer each selecting one, and the two so chosen selecting a third, and the finding of either two of them to be binding as to the amount of the loss; that, if, within twenty days after such loss, the insured has not received a copy of the estimate of the adjuster, then the insured shall, within two days after the expiration of the said twenty days, proceed in the same manner provided, in case he is not satisfied with the estimate of the company's adjuster, to have the amount of the loss determined by three competent appraisers; that suit may not be maintained, unless notice of such loss is given and the amount thereof thus ascertained. It is further provided that in any event, if the insured failed to send to the home office the amount of his premium note, etc., by registered mail, or if the amount of the said premium note be not so mailed, within two days after the expiration of the said twenty days, then the company shall not be liable to the assured for any amount. *Held,* that a petition which sets out the policy, but contains no allegation of the giving of the notice or of any facts excusing a failure to give one, is demurrable as not stating a cause of action."

In *National Drill & Mfg. Co. v. Davis,* 29 Okla. 625, 120 Pac. 976, suit was brought by Davis upon a written contract for commissions. The contract, amongst other things, provided:

"Said second party guarantees every sale made by him to be honest, fair, valid, and subject to no defense arising from anything done, or suffered or omitted by said second party."

The court quote section 4326, Wilson's Rev. & Ann. St. 1903, as follows:

"In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading must establish, on the trial, the facts showing such performance"

—and then say:

"It seems that the burden was upon the plaintiff to prove on the trial at *nisi prius* a compliance with the agreement which he pleaded and relied upon."

The plaintiff seeks to distinguish the Phillips, Davis, and Cake cases, *supra* (the others were not published when the briefs were filed), on several grounds, most of which are disposed of by what has been said; but one, undisposed of, is that in those cases the defendant specifically pleaded the contract and alleged the plaintiff's failure to comply with it, while in this case the answer was a general denial. The plaintiff, however, based his cause of action upon the written contract, and excused himself for not attaching a copy as an exhibit to his petition by an allegation that he had delivered his copy to the defendant, who still had possession of it. He further pleaded that he had given to the defendant a written notice of his claim for damages, and excused himself for not attaching a copy of that by the allegation that it was in the possession of the defendant. The suit in this case, therefore, was on the contract, just as it was in the cases cited; and the only difference is that here the question arises on the proof, and not on the pleadings.

The plaintiff testified that he prepared a written notice and left it with his commission firm in Kansas City; that the firm subsequently wrote him that it had filed the notice; and that he thereafter saw it in the possession of the claim agent of the defendant. It is so manifest that this testimony was insufficient, either to establish the contents of the notice given, or the time within which it was given, that it is unnecessary to dwell on the proposition. Such evidence was wholly insufficient to sustain the burden of proof resting on the plaintiff.

The able argument of the plaintiff that this provision of the contract is against public policy is foreclosed by the previous decisions of the court. Many authorities are cited by the plaintiff to show that this provision of the contract may be waived; but it is unnecessary to consider the question, as there is not sufficient evidence in the record on which to sustain the contention.

For the reasons herein stated, we think the case should be reversed and remanded for a new trial.

By the Court: It is so ordered.