KEAIRNES, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

(171 N. W. 86).

(File No. 4402.  Opinion filed March 12, 1919.)

1.  Carriers—Negligence—Claim for Damages to Passenger, Notice Of, Drover's Pass, Condition in Re—Time Limit in Carmack Amendment, Non-applicability Of

Defendant railway company, over which plaintiff, while riding with a carload of hogs on an interstate shipment, under a drover's pass, which provided that no claim for injury to the person in charge of the shipment should be valid unless presented within four months thereafter, defended, and moved for directed verdict at close of evidence, on ground that plaintiff had failed to show presentation of his claim, or that he had given notice thereof within the time limited in the contract. Held, construing U. S. Com. Stats. 1918, Sec. 8604a, being the Carmack Amendment to the Interstate Commerce Act, that the giving of such notice was not a condition precedent to recovery; that said act deals only with shipment of property, and not with transportation of persons.

:2.  Same—Interstate Shipment, Drover's Injury, Notice of Claim, Time Limit—State Laws as Governing.

Under the state laws governing liability of railroads for injury by one traveling in charge of an interstate livestock shipment under a drover's pass, liability is determined by the rule announced in 5 S. D. 568; under which a common carrier may limit its liability by express contract signed by the parties, except as to gross negligence, fraud, or willful wrong of carrier or its servants.

:3.  Same—Notice of Injury, Time Limit, Contract as Governing Validity—Compliance, Public Policy—Burden of Proof Re.

Contracts between common carriers and their patrons providing a' time limit shorter than general statute of limitations, within which notice and filing of claim may be made, such as applies to the contract in a drover's pass providing a time limit within which such notice must be made, are valid and not against public policy; and unless notice is timely given no recovery can be had; and the burden is on plaintiff to show compliance. There is nothing in the policy or object of such statute forbidding an agreement to provide a shorter period, providing the time is not unreasonably short.

·4.  Actions—Non-resident Plaintiff—Security for Costs—Statutes— Granting Time at Trial for Future Security Given, Refusing Dismissal, Whether Error.

In a suit by a non-resident, held, that trial court did not err when, it denied a motion to dismiss for want of security for costs, and allowed a reasonable time for procuring security which was subsequently furnished within the time.

Appealed from Circuit Court, Corson County. Hon. Raymond L. Dillman, Judge.

Action by H. R. Keairnes, against the Chicago, Milwaukee & St. Paul Railway Company, a corporation, to recover damages for personal injury while plaintiff was travelling in charge of an interstate livestock shipment under a drover's pass. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and remanded for new trial.

*Porter & Grantham,* for Appellant.

*Julius Skaug, Pat Morrison,* and *F. B. Garberg,* for Respondent.

(1) To point one of the opinion, Appellant cited:

C. M. & St. P. Ry. Co. v. Solan, 160 U. S. 133; Adams Express Co. v. Croninger, 226 U. S. 491.

Respondent cited:

Adams Express Co. v. Croninger, 226 U. S. 491, 57 L. Ed.

314, 44 L. R. A. (N. S.) 257; Chicago B. and Q. Ry. Co. v. Miller 226 U. S. 513,57 L. Ed. 323, and cases cited under note 2, page 9292, Vol. 8, U. S. Rev. Stat.

(3) To point three, Appellant cited:

C. R. I. & P. v. Conway (Okla.) 125 Pac. 1110; Cooks v. N. P. Ry. Co. (N. D.) 133 N. W. 303; Hamilton v. Chicago & A. R. Co., 164 S. W. 248; Adams Express Co. v. Croninger, 226 U. S. 491.

McCOY, J.   On December 23, 1916, plaintiff, as a caretaker of two carloads of hogs then being shipped from Hettinger, N. D., to Sioux City, Iowa, was riding upon a drover's pass on one of defendant's trains near Thunderhawk, S. D., when the caboose in which plaintiff was riding became derailed by reason of the brakeman having thrown a switch too soon while said train was passing from the main track to and upon a side track.   The derailment of said caboose caused plaintiff to be thrown and bumped against the sides of the car and against a table, thereby injuring, bruising, and spraining the hip, spine, and head of plaintiff.   Thereafter, about September, 1917, plaintiff instituted this action to recover damages, alleging negligence in the throwing of said switch and the derailment of said caboose.   Defendant answered, and, among other things, alleged that plaintiff at the time of said injury was traveling upon and under the terms of a certain contract in writing entered into between himself and defendant company, and which said contract provided that the company should in no event be liable to the owner or person in charge of said stock for any injury to his person happening upon the trains of the company in any amount exceeding $500, and further provided that no claim for loss or damage to said live stock, nor for injury to the person in charge thereof should be valid unless presented to the company in writing within four months after the same should have occurred.   There was verdict and judgment in favor of plaintiff, from which defendant appeals.   The contract, or drover's pass, received in evidence contained the provisions alleged in the answer.

[1-3] At the close of all the evidence the appellant moved the court to direct a verdict on the ground that plaintiff had failed to show that he had presented his claim for damages, or given notice of his claim in writing, within four months from the day of the

accident, or injury, or at all. Appellant contends that under the provisions of the contract the giving of such notice was a condition precedent to plaintiff's right of recovery. On the other hand, it is contended by respondent that under the provisions of section 8604a, U. S. Comp. Stats. 1918, being what is commonly known as the Carmack Amendment to the Interstate Commerce Act, he was not required to give notice of nor file a claim as a condition precedent to recovery. We are of the opinion that respondent's contention is not well taken. In the case of C. R. I. & P. Ry. Co. v. Marcher, 248 U. S. 359, 39 Sup. Ct. 108, 63 L. Ed. ——, it is held that the Carmack Amendment deals only with shipments of property, and not with transportation of persons. It therefore follows that causes of action for the recovery of personal injuries, such as that alleged in this case, are to be determined by the laws of this state, and that the question of the limitation of liability by contract is to be determined by the rule announced in Meuer v. C., M. & St. P. Ry. Co., 5 S. D. 568, 59 N. W. 945, 25 L. R. A. 81, 49 Am. St. Rep. 898, under which ruling a common carrier may limit its liability by express contract signed by the parties, except as to gross negligence, fraud, or willful wrong of such carrier or its servants. It seems to be generally held that contracts between common carriers and their patrons, providing a time limit shorter than the general statute of limitations, in which notice and filing of claim may be made, such as that appearing in the contract in question, are valid and not against public policy, and that unless such notice is given by the filing of such claim within the time specified in the contract no recovery can be had, and that the burden is on the plaintiff to show such compliance. Henry v. C., M. & St. P. Ry. Co., 84 Wash. 633, 147 Pac. 425; M., K. & T. Ry. Co. v. Lynn (Okl.) 161 Pac. 1058; M., K. & T. Ry. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690. In this last cited case the court, in substance, said that the policy of statutes of limitations is to encourage promptness in the bringing of actions that the parties shall not suffer by loss of evidence, from death or disappearance of witnesses, destruction of documents, or failure of memory. There is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. Such sti-

-pulations have been sustained in a multitude of cases. Riddles-
barger v. Hartford Ins. Co., 7 Wall. 386, 19 L. Ed. 257; Express
Co. v. Caldwell, 21 Wall. 264, 22 L. Ed. 556; C., R. I. & R. Ry.
Co. v. Conway, 34 Okl. 356, 125 Pac. 1110; Cooke v. N. P. Ry.
Co., 22 N. D. 266, 133 N. W. 303. {In this last-cited case from
North Dakota it was held that such a provision in a contract
limiting a time for presenting a claim for loss is not a limitation
of liability} We are therefore of the opinion that the motion to
direct a verdict should have been granted, and that the court erred
in its denial.

[4] Appellant by its answer pleaded as a bar to plaintiff's
cause of action that plaintiff was a nonresident of the state of
South Dakota, at the time of the commencement of the action,
and had failed to give security for costs as required by section
433, Code of Civil Procedure. At the time the cause was brought
on for trial and before the calling of the jury, defendant present-
ed to the court its first defense by way of plea in abatement, and
moved for a dismissal of the action. It was then admitted by
plaintiff that he was a nonresident of the state of South Dakota,
and he then asked permission of the court to be permitted to
furnish security for costs, and that he be given a reasonable op-
portunity to secure the same. The court thereupon denied de-
fendant's motion to dismiss the action. We are of the view that
the court committed no error in this ruling, the record showing
that plaintiff subsequently furnished such security for costs.

The judgment and order appealed from are reversed, and the
cause remanded for new trial.