MARTIN J. HUGHES v. HENRY CARLTON et al.
No. 207.

1. CIVIL PROCEDURE — *allegation of agency traversed by unverified general denial, taken as true.* Where the answer positively alleges the appointment and authority of an agent to collect money due upon the note and mortgage sued upon and a plea of payment to such agent, and the reply thereto is a general denial without any verification, the allegations of appointment and authority of the agent are taken to be true and no evidence in support thereof is necessary.

Error from Geary District Court. Hon. James Humphrey, Judge. Opinion filed March 22, 1897. *Affirmed.*

*Jas. V. Humphrey*, for plaintiff in error.

*J. R. McClure*, for defendants in error.

MAHAN, P. J.    Martin J. Hughes brought an action in the District Court of Geary County to recover a judgment upon a note made by the defendants, Henry Carlton and Rebecca Carlton, his wife, and to foreclose a mortgage given by them upon property to secure said indebtedness.   The defendants answered, pleading payment to A. C. Pierce, and specifically pleading that A. C. Pierce was the agent of the plaintiff, duly authorized by the plaintiff to receive said payment and to discharge the mortgage. To this answer a reply, without verification, was filed, denying each and every allegation contained in said answer.   The case was tried to the court and jury, and resulted in a verdict for the defendant.   The plaintiff below brings the case here.

The only real issue in the case, upon the pleadings, was the question whether the defendants had in fact paid to A. C. Pierce the money due upon the mortgage.   There was evidence introduced, notwithstanding the same was unnecessary, to support the issues on the behalf of the defendants tending to prove agency on the part of A. C. Pierce to receive the money; and the first contention of plaintiff in error is based upon the misapprehension that there was an issue joined as to such agency.   The allegation of agency not having been denied under oath, there was no such issue in the case, and it was not necessary for the defendants to sustain any such issue by evidence. The evidence of payment was clear and conclusive. There was no error in overruling the demurrer to the defendants' evidence.   Assuming, however, that there was an issue as to A. C. Pierce's agency to collect the

money, the verdict of the jury is amply supported by the evidence.

It follows, necessarily, that the judgment of the court below must be affirmed.