## St. Louis & S. F. R. Co. v. Cake.

No. 275.   Opinion Filed November 10, 1909.

(105 Pac. 322.)

**PLEADING—Reply—Admissions—Judgment on Pleadings.** Where an action is brought against a railroad company to recover damages for deterioration in the value of a shipment of live stock, alleged to be caused by the carrier negligently delaying and failing to forward said shipment with reasonable dispatch, and where the petition alleges that said live stock were shipped under a special contract with the carrier, but that the plaintiff could not set out a copy thereof in his petition for the reason that the same was in writing and in the possession of said

carrier, and where the contract thus referred to is set up in the answer of the defendant and a copy thereof is attached to said answer as an exhibit, and where such contract contains a provision "that, as a condition precedent to a recovery for any damage or delay, loss or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer, or the nearest station agent of the first party, or to the agent at destination. or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of such stock at destination, to the end that such claim shall be fully and fairly investigated, and that a failure to comply with the provisions of this clause shall be a bar to the recovery of any and all such claims," and where it is alleged in said answer that this provision of the contract has not been complied with, and where the plaintiff files a reply setting up only a general denial, such written contract is thereby admitted; and where neither the petition nor the reply contains an allegation of compliance with the conditions of the contract, and the said pleadings on the part of the plaintiff contain no allegation of waiver of such contract, and no facts are alleged therein tending to show an actual or substantial compliance with the said contract. and no excuse is offered or set up in the pleadings for the noncompliance, said pleadings do not state a cause of action in favor of the plaintiff, and a motion for judgment for the defendant on the pleadings should be sustained, in the absence of any request for leave to amend by the plaintiff.

(Syllabus by the Court.)

*Error from District Court, Grant County; Wm. M. Bowles, Judge.*

Action by Joseph Cake against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Flynn & Ames* and *R. A. Kleinschmidt,* for plaintiff in error. *F. G. Walling,* for defendant in error.

KANE, C. J: This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover damages to live stock shipped by the plaintiff over the defendant's railway, from Salt Fork, Okla. T., to Kansas City, Mo. The petition alleges, in substance: That on the 29th day of October, 1905, the plaintiff delivered to said defendant, at Salt Fork, for transportation from said station of Salt Fork to

Kansas City, Mo., two car loads of cattle, consisting of 58 head; that said defendant then and there received for transportation said stock; that said stock at said time were in good marketable condition; that at an intermediate point between said station, to wit, at Latham, Kan., said defendant company's agents, servants, and employees then and there having full and complete possession of said stock, and after notifying plaintiff that they had said possession and promising to feed and care for said stock properly, unloaded same from the cars of the defendant company and placed said stock in pens without cover or protection during a hard rain, and kept said stock in said pens without suitable care and protection and without food and water for a period of 40 hours; that the snow and mud in said pens where said cattle were so held by said defendant company during said period of time was of the depth of two feet; that the company, in gross violation of its obligation as a common carrier and of the express promise of the defendant's servants, as aforesaid, and of its contract with the plaintiff to transport said cattle with all reasonable dispatch, and to properly care for and protect said stock on said route during the course of said transportation, negligently delayed and failed to forward said shipment with reasonable dispatch; that said stock when finally delivered to the consignee at Kansas City, Mo., were in an unfit and unmarketable condition, and by reason thereof said plaintiff was compelled to place said stock on the market in an unfit and unmarketable condition; that said stock had shrunk in weight, and did not bring on the market the price they would have brought had they been delivered in good condition and that by reason of this diminution in value the plaintiff was damaged in the sum of $500. Plaintiff further alleged that said stock were shipped under a special contract with the defendant, but that he could not set out a copy thereof in his petition for the reason that the same was in writing and in the possession of the defendant.

The answer of the defendant consisted of a denial of each and every allegation in the plaintiff's petition except such as were in said answer admitted. It was admitted: That on the 29th day of

October, 1905, it entered into a contract with plaintiff whereby it agreed to transport two cars said to contain 58 head of cattle from Salt Fork, Okla., to Kansas City, Mo.; that said contract was in writing and in the possession of the defendant; and that a full, true, and correct copy thereof was attached to the answer, marked "Exhibit A," and made a part thereof. It was further alleged, in substance: That said contract was made in consideration of a reduced freight rate which was less than the rate charged for shipments transported at carrier's risk; that by the terms of said contract, and the conditions therein named in the seventh paragraph thereof, said plaintiff agreed to and did release said defendant from any and all liabilities on account of delay in shipping said livestock; that by the terms of said contract, and in the eleventh paragraph thereof, it was agreed by and between the parties that as a condition precedent to a recovery for any damages for delay, loss, or injury to said live stock, the said plaintiff would give notice in writing of the claim therefor to some general officer or the nearest station agent of the division before such live stock should be removed from the place of destination and before such live stock should be mingled with other stock; that it was further provided by said eleventh paragraph of said contract that such written notice should be served, as stated, within one day after the delivery of said live stock at destination; and defendant further alleges that no such written notice was given to defendant, or to any general officer or station agent of defendant, or to its agent at destination, within one day after said live stock were delivered, and that no such written notice was given and no such claim for damages was made before said live stock had been removed from said cars and mingled with other stock and sold. The answer of the plaintiff was a general denial.

On the 21st day of February, 1908, the defendant filed a motion for judgment on the above pleadings, for the reason that the pleadings showed on their face that judgment should be rendered for the defendant, which motion was overruled by the court and exceptions saved. Thereupon the cause was called for trial, and after the jury were impaneled, and statements made by the

respective parties, the defendant objected to the introduction of any testimony, for the reason that the petition did not state facts sufficient to constitute a cause of action against the defendant, and for the further reason that the pleadings in the case entitled the defendant to judgment, which objection was by the court overruled, and the defendant excepted. Whereupon the cause proceeded to trial before the court and a jury and resulted in a verdict and judgment against the defendant company, to reverse which this proceeding in error was commenced in this court.

The eleventh paragraph of the special contract attached to defendant's answer reads as follows:

"That, as a condition precedent to a recovery for any damages for delay, loss or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or the nearest station agent of the first party, or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of such stock at destination, to the end that such claim shall be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims."

It is contended by counsel for defendant: That the reply of the plaintiff, being an unverified general denial, admitted the execution of the contract set up in the answer; that, as paragraph 11 constitutes a condition precedent to his maintaining his cause of action, he should have specifically alleged compliance therewith, or should have affirmatively alleged any facts relied upon excusing such compliance. To support their contention, counsel relies upon the case of *St. L. & S. F. R. R. Co. v. Phillips,* 17 Okla. 264, 87 Pac. 470. The Phillips Case was an action against a common carrier for the recovery of damages for killing one horse and injuring three others while being transported by the carrier from Oklahoma City, Okla., to Hoxie, Ark. In addition to the general allegations, a copy of the bill of lading was attached to the petition; one of the provisions thereof being as follows:

"No carrier shall be responsible for loss or damage of any of the freight shipped, unless it is proved to have occurred during the time of its transit over the particular carrier's line, and of this, notice must be given within thirty hours after the arrival of the same at destination."

The answer, besides containing a general denial, set up by way of further defense the execution of a live stock contract with Phillips covering said shipment, a copy of which was attached to the answer, marked "Exhibit A," and made a part thereof, and it was further alleged that by the terms of said contract "it is among other things, specifically provided that, as a condition precedent to a recovery for any damages for delay, loss or injury, the shipper must give notice in writing to the nearest agent of the company within one day after the delivery of such stock at destination, and before the removal of the same from such destination; and defendant specifically avers that such notice in writing was not given as required, and plaintiff did not attempt to give such notice or make claim to any agent or officer of the company before said stock were removed from destination or mingled with other stock, and defendant had no notice of the alleged damage, or opportunity to investigate the same before said stock were so mingled and removed, and that therefore plaintiff is not entitled to recover under such contract for the injury, if any, sustained."

The provision of the contract referred to was also paragraph 11, and reads identically the same as paragraph 11, of the contract involved in the case at bar. The reply of plaintiff was a general denial. When the case was called for trial, the defendant filed a motion for judgment on the pleadings, which was overruled by the court, and the cause proceeded to trial and resulted in a verdict and judgment for the plaintiff. Mr. Justice Irwin, who delivered the opinion of the court, after citing section 4312, Wilson's Rev. & Ann. St. 1903, which provides that:

"In all actions allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the

same be verified by the affidavit of the party, his agent or attorney."

—says:

"Therefore, the execution of the contract being admitted, and the bill of lading referring thereto and containing practically the same provision in regard to notice as a condition precedent to any claim for damage accruing to the shipper, the compliance with said condition precedent, and with the terms of said contract, could not be predicated or gathered from a general denial. It would certainly seem to be the duty of the defendant in error, upon admitting the execution of the contract, to either specially allege compliance with the terms thereof, or to specially plead some of the facts, if any such there were, which might tend to show a substantial compliance with the terms of said contract, and which might tend to relieve him from compliance therewith, or he should in some form have alleged a waiver of the terms of said contract on the part of the defendant. Neither of these things were done by the defendant in error. Now, it is a well-recognized principle of pleading that, where a party relies for his cause of action upon a breach of a written contract the burden is upon him to allege and prove every material element necessary to his recovery thereunder. In other words, before he can complain of a breach of contract on the part of the other party, he must show that he has actually or substantially complied with the terms of the contract himself, or has been released therefrom by the other party."

After discussing the reasonableness of such a provision in a contract and concluding that it was reasonable, Justice Irwin continues:

"For the reasons herein expressed, this case is reversed and remanded to the probate court of Oklahoma county, with directions to that court to sustain the motion of the defendant for a judgment on the pleadings, at the costs of the defendant in error."

The foregoing case seems to be in point and decisive of the first error assigned by the plaintiff in error, and as the defendant in error did not see fit to file a brief pointing out to the court any difference between this case and the Phillips Case, or calling in question its soundness, we are disposed to follow the Phillips Case, at least so far as this case is concerned.

It is therefore ordered that this cause be reversed and re-

manded to the district court of Giant county, with directions to proceed in accordance with this opinion.

All the Justices concur.