## MISSOURI, K. & T. RY. CO. v. HANCOCK & GOODBAR.

No. 493.   Opinion Filed May 10, 1910.

(109 Pac. 223.)

1.    CARRIERS—Live Stock—Contract—Notice of Injury.   An agreement in a special contract between a shipper and a carrier executed in the Indian Teritory prior to the admission of the state that as a condition precedent to the shipper's right to recover any damages for the loss or injury to live stock shipped under the contract resulting from the carrier's negligence, including delays, the shipper shall, within a specified period of time after the happening of the injury complained of, which period of time is reasonable, file with the carrier or certain of its agents his claim therefor, giving the amount thereof, is not against public policy; and, in the absence of statutory or constitutional provisions prohibiting the same, is valid.

2.    SAME—Limiting Time of Suit.   A stipulation in such contract that no suit thereon against the carrier shall be brought after the lapse of ninety days from the happening of the injury complained of is valid.

(Syllabus by the Court.)

*Error from Craig County Court; Theo. D. B. Frear, Judge.*

Action by Hancock & Goodbar against the Missouri, Kansas & Texas Railway Company.   Judgment for plaintiff, and defendant brings error.   Reversed.

This was an action brought by defendants in error to recover certain damages claimed to have been sustained by them, which

they allege was caused by the negligence of plaintiff in error in transporting two car loads of beef steers from Welch, Ind. T., to Kansas City, Mo., on or about November 7, 1907. They allege that the damages so sustained resulted from an unnecessary and unreasonable delay in the transportation of said cattle to Kansas City, where they were being shipped for the market; that, because of the negligence and carelessness of plaintiff in error and its employees in the transportation thereof, defendants in error were compelled to expend an extra sum of money for feed, and that the cattle suffered an extra shrinkage in weight and failed to reach Kansas City in time for the morning market of November the 8th; and that there was a depreciation in the price of cattle on the 9th, on which day their cattle were sold. Plaintiff in error's answer, in addition to containing a general denial, states that the cattle were received and shipped by it under and by virtue of a written contract, a copy of which is attached to its answer as an exhibit and made a part thereof. It alleges that the contract provides certain conditions precedent to plaintiff's right to recover any damages for any loss or injury to said stock, and that such conditions have not been performed by defendant in error. To plaintiff in error's answer defendants in error filed an unverified reply, in which they deny each and every material allegation of the answer, and allege that the special contract set up in the defendant's answer was not supported by any valid or legal consideration. From a judgment in favor of the defendants in error, plaintiffs below, this appeal is prosecuted.

*Clifford L. Jackson, W. R. Allen,* and *Fogle & Parks,* for plaintiff in error.—Citing: *St. Louis & S. F. R. Co. v. Phillips,* 17 Okla. 264; *Kalina & Cizek v. Union Pac. R. Co.* (Kan.) 76 Pac. 438; *St. Louis & S. F. R. Co. v. Pearce* (Ark.) 101 S. W. 760; *Liquid, etc., Co. v. Ry. Co.* (Va.) 58 S. E. 569; *Southern Ry. Co. v. Adams* (Ga.) 42 S. E. 35; *Southern Express Co. v. Caldwell,* 21 Wall. 264; *Missouri, K. & T. Ry. Co. v. Kirkham,* 63 Kan. 255; *Atchison, T. & S. F. R. Co. v. Morris,* 65 Kan. 532; *Missouri P.*

*R. Co. v. Parks,* 66 Kan. 248; *Kansas & A. V. R. Co. et al. v. Ayers,* 63 Ark. 331; *St. L. S. W. Ry. Co. v. Butler* (Ark.) 102 S. W. 378; Hutchinson on Carriers (3d Ed.) vol. 1, par. 448; Elliott on Railroads (2d Ed.) vol. 4, par. 1512; 6 Cyc. 508; *Gulf, C. & S. F. Ry. Co. v. Travick,* 68 Tex. 314; *Railroad Co. v. Gatewood,* 79 Tex. 89; *Railroad Co. v. Clark* (Texas) 24 S. W. 355; *Ginn et al. v. Ogdensburg Transit Co.,* 85 Fed. 985; *Central Vermont R. R. Co. v. Soper,* 59 Fed. 893.

*Seymour Riddle,* for defendant in error.—Citing: *Union Central Life Ins. Co. v. Spinks,* 83 S. W. 615; *Adams Express Co. v. Walker,* 83 S. W. 106; *Travelers' Ins. Co. v. Henderson Cotton Mills,* 85 S. W. 1090.

HAYES, J. (after stating the facts as above). Several assignments of error are urged by plaintiff in error, defendant below, for reversal of this cause, but, since it appears that the conclusions we reach on some of these assignments will in all probability dispose of this cause, we shall not consider all the assignments. The contract stipulates that it was executed in consideration of a special rate less than the regular tariff rate applying on shipments of live stock not covered by special contracts. Plaintiffs sought to show that the rate charged by the railway company and paid by them was the regular tariff rate, and therefore the special stipulations of the contract were without consideration, and are for that reason void. To establish their contention, they were permitted to prove by a station agent of the railway company who testified by referring to a pamphlet held by him, which he stated was an official tariff of the company, that the rate from Welch, Okla., to Kansas City, Mo., was 13½ cents per hundred pounds, where the cattle were shipped entirely at owner's risk, with limitations placed on the value of each head. This evidence was permitted over the objection of the railway company, but the witness also testified that said rate did not apply where the shipment was made at the carrier's risk, and the foregoing constitutes all the evidence upon this phase of the case, except the testimony of plaintiffs that

they paid 13½ cents per hundred as freight on the cattle. The railway company insists that the evidence of the agent was incompetent, because it was not the best evidence. If this contention be true, which we do not decide, it would be harmless error, because the evidence objected to does not prove or tend to prove that the contract was not supported by a consideration, for the witness stated that the rate of 13½ cents per hundred paid by defendants in error was the rate on shipments at shipper's risk, and did not apply to other shipments. There is no evidence whatever showing whether the regular tariff rate is the same, lower or higher. Since defendant in error's reply was not verified by their affidavit, their denial therein of the execution of the special contract was without effect; and its execution stands admitted (section 4312, Wilson's Rev. & Ann. St.), and the burden of showing the want of consideration sufficient to support the instrument lies upon them who seek to avoid it (Wilson's Rev. & Ann. St. § 774).

The contract stipulates that as a condition precedent to the shipper's right to recover any damages for any loss or injury to the live stock shipped resulting from the carrier's negligence, including delays, the shipper shall within 30 days after the happening of the injuries complained of file with the freight or station agent of the carrier his claim for damages giving the amount thereof, and stipulates that no suit shall be brought against the carrier after the lapse of 90 days from the happening of the injury. The evidence fails to disclose that any claim for damages was filed by plaintiffs before the institution of this action, and the suit was not brought until after the expiration of 90 days from the happening of the injuries complained of. The trial court refused to give at the request of defendant instructions charging the jury that if they found that such claim had not been made within 30 days, and suit had not been brought within 90 days from the happening of the injuries, the verdict should be for the railway company. Defendants in error contend that these stipulations in the contract are void upon three grounds, to wit: First, that they are not supported by any consideration; second, that they are in violation of

the Constitution of the state; third, that they are against public policy. Their first contention has been disposed of by what has heretofore been said upon the question of want of consideration to support the contract. Section 9, art. 23, Const. (Snyder's Constitution of Oklahoma, p. 377), provides that any provision of any contract or agreement, express or implied, stipulating for notice or demand other than such as may be provided by law, as a condition precedent to establish any claim, demand, or liability, shall be null and void. But the contract involved in this controversy was executed, and any liability arising thereunder against the railway company accrued before the admission of the state into the Union and before the Constitution became effective. The rights of the parties under the contract are to be determined, therefore, without reference to the foregoing provision of the Constitution, for whether, if it had been undertaken to affect such contract by provision of the Constitution, such provision would not have been void, it is unnecessary to determine, since by section 1 of the Schedule (Snyder's Constitution of Oklahoma, p. 380) it is provided that no existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place. That an agreement in a contract of affreightment that a carrier shall not be liable unless claim shall be made therefor within a specified period, if that period be a reasonable one, is not against public policy and is valid, is determined against the contention of defendant in error in *Southern Express Co. v. Caldwell,* 21 Wall. 264, 22 L. Ed. 556, and the doctrine of that case has been approved and followed in this jurisdiction. *St. Louis & San Francisco Ry. Co. v. Phillips,* 17 Okla. 267, 87 Pac. 470. Upon the authority of *M., K. & T. Ry. Co. v. Hancock, infra,* 109 Pac. 220, and *Jessee Riddlesbarger v. Hartford Fire Insurance Co.,* 7 Wall. 386, 19 L. Ed. 257, the contention that the stipulation limiting the time within which suit may be brought is invalid cannot be sustained, where no statute exists prohibiting such stipulation, and the time specified is reasonable. No contention has been

made that either the time fixed for filing the claim or for bringing suit was unreasonable, and nothing appears in the circumstances of the case indicating such to be true.

The refusal of the court to give the instructions requested was error, for which the cause must be reversed.

All the Justices concur.