## WELLS FARGO & CO. v. MOORE *et al.*

No. 1248. Opinion Filed January 9, 1912.

(120 Pac. 612.)

1.   **ATTORNEY AND CLIENT**—Settlement by Client—Rights of Attorney. Prior to judgment, an attorney has no interest in the cause of action that would enable him to prevent any bona fide settlement by the client.

2.   **SAME**—Settlement by Client—Collusion With Defendant. Evidence examined, and held not sufficient to establish the charge of fraud and collusion with that certainty required by the rule laid down in **Moore v. Adams et al.**, 26 Okla. 48, 108 Pac. 392, and other cases decided by this court.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*S. A. Apple, Special Judge.*

Action by J. B. Moore and J. F. Bledsoe against Wells Fargo & Co. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions.

*Johnson & McGill,* for plaintiff in error.

*Ledbetter & Moore* and *Bledsoe & Little,* for defendants in error.

KANE, J. This was an action commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, before a United States commissioner at Ardmore, prior to statehood, to recover an attorney's fees. The complaint alleged,

in substance, that the plaintiffs were employed by one Bert Mc-Gee to commence an action against Wells Fargo & Co. to recover damages for the loss of a suit case while in process of transportation. The said Bert McGee and said Wells Fargo & Co., for the purpose of defrauding plaintiffs and defeating them in the collection of their fee for services rendered in said suit, colluded together and made a settlement thereof without the knowledge or consent of the plaintiffs, and thereby, on account of the insolvency of said McGee, prevented said plaintiffs from collecting said fee. To this complaint the defendant filed a demurrer, which was overruled, and, electing to stand thereon, judgment was rendered in favor of plaintiffs in the sum of $20. Afterwards the cause was appealed to the United States District Court for the Southern District of the Indian Territory, and thereafter transferred to the district court of Carter county, where an amended complaint was filed, wherein said plaintiffs asked to prosecute said action in the name of Bert McGee, and made their allegations in regard to collusion and fraud stronger and more specific. The trial in the district court resulted in a judgment in favor of the plaintiffs, to reverse which this proceeding in error was commenced.

There is very little, if any, conflict in the evidence on material points. It shows that Bert McGee delivered to Wells Fargo & Co. a certain suit case to be shipped from Waurika to Ardmore, Okla.; that the said suit case was lost by the express company; that McGee put his claim for damages in the hands of Eastman, Rowles & Hardison, a firm of lawyers at Hugo, and they forwarded the same to Ledbetter & Bledsoe, of Ardmore, who turned it over to the plaintiffs, who commenced the action as alleged in their petition. There was no agreement between the forwarding and receiving attorneys as to the part of the fee each should receive; and there was no express contract between McGee and the plaintiffs in relation thereto. The forwarding attorneys had an oral contract with McGee, by the terms of which they were to receive one-half of the amount recovered if a recovery was had. When the action was commenced, the claim agent of the defendant called upon the defendants in

error, and offered to settle the same by paying in the sum of $30, which offer was declined by counsel, whereupon the same offer was made to the plaintiff Bert McGee, who accepted it, whereupon the cause was dismissed. The evidence further shows that McGee was insolvent, and the plaintiffs were unable to collect their fee from him.

Without examining the great number of authorities presented by the contending parties in their briefs, it is sufficient to say that we have gone into the record with considerable care, and are unable to find any evidence sufficient to sustain the charge of fraudulent collusion between the express company and McGee. The only evidence offered for that purpose was to the effect that the express company settled the cause with McGee after its offer of settlement had been refused by his counsel, and McGee after receiving his money refused to pay them their fee. The claim agent who acted for the company testified that the cause was settled because the claimant was willing to accept the amount offered, and the express company was desirous to save further costs.

In the case of *De Graffenreid v. St. L. & S. W. Ry. Co.*, 66 Ark. 260, 50 S. W. 272, the court, in discussing the right of the parties to an action to settle the same, said:

"As appellants had no interest in the plaintiff's cause of action, they cannot complain of any settlement she might choose to make before the suit had progressed to judgment. Appellants had no lien. Appellants' counsel concede that prior to judgment an attorney has no interest in the cause of action that would enable him to prevent any *bona fide* settlement by the client."

In the same case it was held:

"Having no interest in the cause of action, it follows, from what we said in *Davis v. Webber*, 66 Ark. 190 [49 S. W. 822, 45 L. R. A. 196, 74 Am. St. Rep. 81], that the attorney has no right to question the *bona fides* of any settlement made between the plaintiff and the defendant. This much as to the question of collusion and fraud, as it affects the claim for fees."

In the Davis case, *supra,* it was said:

"It is a wise public policy to allow the parties to a lawsuit, or to disputes that have not even progressed to the proportion

and dignity of a lawsuit to settle their differences without hindrance from disinterested parties. Parties should be permitted to beg or 'buy their peace at any time.    *    *    *    When a lawsuit has progressed to judgment, then, of course, the attorney under the statute (section 4233, Sand. & H. Dig.) may establish his interest in the judgment which has resulted from his services, and this neither party to the litigation can ignore. Then the parties may settle if they wish, but, before there can be any satisfaction of the judgment, the attorney's fee must be paid. Before judgment, the attorney can only trust to the integrity and good sense of his client not to compromise without advising him, and making satisfactory arrangements as to the fee. If the attorney should have for his client one who neither has the good sense to consult him nor the integrity to pay him, then, indeed, would he be unfortunate. But, where this is the case, generally the attorney, unless he expects to give his service as *quidam honorarium*, will deserve censure rather than sympathy for having such a client, and will have to suffer the consequences."

It is not necessary for this court to go to the extent that the Supreme Court of Arkansas seems to have gone in the foregoing cases. Here fraud and collusion are alleged against the express company and McGee. The court is of the opinion that the same have not been established with that certainty required by the rule laid down in *Moore v. Adams et al.*, 26 Okla. 48, 108 Pac. 392, and other cases decided by this court.

For the reasons stated, the cause is reversed and remanded, with directions to sustain the demurrer to the evidence.

TURNER, C. J., and HAYS and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.