## FT. SMITH & W. R. CO. v. SOLSBERGER *et al.*

No. 2625. Opinion Filed April 22, 1913.

(131 Pac. 1078.)

PLEADING—Agency—Unverified Answer—Admissibility of Evidence.
Where the petition positively alleges the appointment and authority of an agent, and the reply thereto is an unverified general denial, the allegations of appointment and authority of the agent are taken to be true, and evidence tending to dispute such allegation is properly excluded.

(Syllabus by the Court.)

*Error from County Court, Okfuskee County;*
*T. T. Doyle, Judge.*

Action by John Solsberger and others against the Ft. Smith & Western Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*C. E. & H. P. Warner,* and *J. B. Patterson,* for plaintiff in error.

*W. A. Huser and C. B. Conner,* for defendants in error.

KANE, J.  This was an action commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, to recover a certain sum alleged to be due the plaintiffs for services rendered by them in attending an injured employee of the defendant, in pursuance of an oral contract made by a section foreman of the defendant.  Upon trial to a jury there was a verdict for plaintiffs, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The petition contained an allegation to the effect that the section foreman was the agent of the defendant, with full authority to bind the railway company in the manner stated in the petition.  The answer was an unverified general denial.  Upon trial the defendant attempted to introduce evidence tending to limit the scope of the section foreman's authority, as alleged in the petition; whereupon, an objection was sustained to the introduction of such evidence, upon the ground that by virtue of section 5648, Comp. Laws 1909 (Rev. Laws 1910, sec. 4759), the question of the appointment and authority of the agent must be taken as true.  This objection was well taken.  The statute provides that:

"In all actions, allegations of the execution of written instruments and indorsements thereon of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

The statute itself seems to constitute a complete answer to the contention of counsel for plaintiff in error.  The unverified general denial did not put in issue the question of the appointment or authority of the agent, and therefore, as the statute provides, it "shall be taken as true."  The cases of

*Long v. Shepherd,* 35 Okla. 489, 130 Pac. 131, and *Hughes v. Carlton,* 5 Kan. App. 386, 48 Pac. 444, are exactly in point. In the latter case it was held:

"Where the answer positively alleges the appointment and authority of an agent to collect money due upon the note and mortgage sued upon and a plea of payment to such agent, and the reply thereto is a general denial without any verification, the allegations of appointment and authority of the agent are taken to be true and no evidence in support thereof is necessary."

The judgment of the court below is affirmed.

All the Justices concur.