## ALDERSON v. HUME, *Sheriff, et al.*

No. 5390.   Opinion Filed March 24, 1914.

(139 Pac. 955.)

**REPLEVIN**—Ownership of Property—Fraud. In an action of replevin where the plaintiff alleges that he is the absolute owner of the property involved and entitled to the immediate possession, and introduces evidence clearly establishing such ownership, and the defendant denies such ownership and avers that the assertion thereof is fraudulently made for the purpose of enabling a judgment debtor, who is the real owner, to evade an execution issued against him, a mere scintilla of evidence, tending to establish the charge of fraud, is not sufficient to take the case to the jury upon that issue.

(Syllabus by the Court.)

*Error from District Court, Garfield County;*
*James B. Cullison, Judge.*

Action by Jacob A. Alderson against Elsworth Hume, Sheriff of Garfield County, Sam Waken and Frieda Waken. Judgment for defendants, and plaintiff brings error. Reversed and remanded with directions.

*Parker & Simons,* for plaintiff in error.

*McKeever & Church* and *H. O. Glasser,* for defendants in error.

KANE, J. This was an action in replevin, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the purpose of recovering possession of an automobile which had been seized by Elsworth Hume, as sheriff of Garfield county, under two orders of attachment.

issued in two suits, in each of which M. A. Shaklee was defendant, and in one of which Sam Waken was plaintiff, and in the other Frieda Waken was plaintiff. The automobile was levied upon as the property of M. A. Shaklee. The plaintiff alleged that he was the owner thereof and entitled to its immediate possession, and introduced evidence which clearly established such ownership. The defense was that the plaintiff fraudulently claimed to be the owner of the machine for the purpose of protecting Shaklee, the real owner, against the executions issued as above stated. Upon trial to a jury, there was a verdict for the defendants, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The contention of plaintiff in error, as stated by his counsel in their brief, is that "there is not a word or line of testimony or evidence in the case which supports, or even tends to support, directly or by inference, the verdict of the jury or the judgment of the court against the plaintiff in this case." We have examined the evidence with considerable care and are constrained to agree with counsel. The testimony of the plaintiff upon direct examination was to the effect that he was the absolute owner of the automobile at the time it was levied upon as the property of Shaklee. The only evidence relied upon to create an inference to the contrary is the cross-examination of the plaintiff himself. We have examined this cross-examination with great care, especially the part of it set out by counsel for defendants in error in their brief, but we are unable to find wherein in anywise it tends to affect the credibility of the plaintiff, or seriously contradict any statement made by him on direct examination. We can readily understand how the cross-examination permitted may have engendered a suspicion of fraud on the part of the plaintiff in the minds of the jurors, but it requires something more substantial than a mere conjecture or suspicion of wrongdoing to establish the charge of fraud. *Moore v. Adams et al.,* 26 Okla. 48, 108 Pac. 392. The general rule seems to be that where there is no more than a mere scintilla of evidence, the trial court should withdraw the case from the jury. 38 Cyc. 1534.

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.