## ST. LOUIS & S. F. R. CO. v. BRUNER.

No. 5716.   Opinion Filed November 9, 1915

(152 Pac. 1103.)

1. PLEADING—Answer—Admissions—Denial of Written Instrument —Verification.  In all actions allegations of the execution of a written instrument shall be taken as true, unless the denial of the same is verified by the affidavit of the party, his agent or attorney.  So where, in an action for personal injuries, the defendant pleaded an accord and satisfaction of the cause of action, and attached to its answer a written release, which it alleged in the answer was executed by the plaintiff, **held,** the execution of the release was admitted, unless denied by a verified reply.

2. SAME.  The dictum in **Doughty v. Funk,** 24 Okla. 312, 103 Pac. 634, that in such case the verification is waived, unless attacked by a motion to strike the pleading from the files, is disapproved.

3. STATUTES—Construction.  Where a statute is taken from another state which had been previously construed by the highest

St. Louis & S. F. R. Co. v. Bruner.

court of that state, the statute is deemed to have been adopted with the construction so given it.

4. **RELEASE—Validity—Fraud.** Fraud is never presumed, and where a written contract is attacked on the ground of fraud, the burden is on the party alleging the fraud to establish it by clear, strong, and convincing proof.

5. **EVIDENCE—Presumptions—Suppression of Evidence.** Where it lies within the power of a party to produce evidence upon an issue, the burden being on him, and he fails to produce such evidence, the presumption follows that such evidence, if produced, would be unfavorable to the cause of such party.

6. **RELEASE—Validity—Setting Aside.** It is the policy of the law to encourage the settlement and compromise of controversies, and while this court will not hesitate to set aside a release from damages in a personal injury case where it has been obtained by fraud, yet it will not do so in the absence of evidence that it was obtained by fraud.

7. **CONTRACTS—Failure of Consideration—Burden of Proof—Verification.** Where the execution of a written instrument is admitted, but want of consideration therefor pleaded, the burden is upon the party executing the instrument to prove by a preponderance of the evidence the want of consideration. Rev. Laws 1019, secs. 934, 935.

(Syllabus by Devereux, C.)

*Error from District Court; Creek County;*
*Wade S. Stanfield, Judge.*

Action by Mollie Bruner against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

This was an action for damages, alleged to have been caused by the negligence of the plaintiff in error, occurring at a grade crossing at Hickory street, one of the streets in the city of Sapulpa. The petition is in the usual form, and, in the view we take of the case, need not be set out. The answer was a general denial, alleged contributory negligence, and as a fifth defense set up:

. "Fifth. That there has been a complete accord and satisfaction between plaintiff and defendant covering all

claims, causes of action, and rights growing out of said alleged injuries, in that on the 12th day of November, 1910, plaintiff, in consideration of the sum of $50 then and there paid her, fully discharged and released the defendant from all liability for all claims growing out of said alleged injuries, and then and there executed a written release, which is attached to the answer as Exhibit A and made a part thereof."

The release is as follows:

"Whereas, on the 12th day of November, 1910, A. D. Bruner and his infant children, Florence and Mollie Bruner, of near Sapulpa, Creek county, Okla., were thrown from a wagon near the place where the St. Louis & San Francisco Railroad crosses Hickory street, when mules hitched to a wagon in which said A. D. Bruner was driving became frightened at an engine on the St. Louis & San Francisco Railroad, throwing them out and injuring the said A. D. Bruner and his said children, Florence and Mollie Bruner, and damaging wagon and harness;

"Whereas, said expenses have accrued against the said A. D. Bruner for medical attention for himself and his said children and repairs to his said wagon and harness;

"Whereas, it is the desire of the said A. D. Bruner and his said minor children to settle any claim they may have arising from and growing out of the injuries to the said Florence Bruner and Mollie Bruner and damages to wagon and harness:

"Now, therefore, in consideration of the premises in the sum of $50 duly paid to the said A. D. Bruner for himself and as next friend of his said children, and in behalf of the receipt of which is hereby acknowledged and confessed, the said A. D. Bruner hereby releases said St. Louis & San Francisco Railroad Company from any and all claims or causes of action which the said minor children or the said A. D. Bruner as their next friend, or in

his own behalf, or either of them may have against the said St. Louis & San Francisco Railroad Company on account of the above-mentioned injuries to the said minor children, acknowledged that said sum was paid them in full payment and satisfaction of any claim that they or either of them have upon the said company, and the said A. D. Bruner hereby covenants that he will, as next friend of the said minor children, cause a proper release to be executed to the St. Louis & San Francisco Railroad Company on behalf of his infant children in legal form, legally releasing and acquitting said company from any cause of action on that account, and the said A. D. Bruner hereby covenants that he will indemnify said railroad company against any suit, cause of action, or recovery on account of said injuries received by said infant children in his own behalf or any other person, guardian, or next friend, or other persons whomsoever suing for the said Florence and Mollie Bruner, his said minor children.

"Done this 12th day of November, 1910.

[Signed]    "A. D. BRUNER,
            "FLORENCE BRUNER,
            "MOLLIE BRUNER."

The plaintiff filed an unverified reply, as follows:

"Comes now Mollie Bruner, and for reply to the answer of the defendant herein denies each and every allegation of new matter therein contained.

"And for further reply to said answer denies that she ever received or accepted any sum of money from said defendant herein, signed any release, or released said defendant from any liability. Plaintiff further says that, if she did sign any release concerning the matters herein, that the same was obtained by fraud and was without consideration, and that the same is void."

The case went to trial on the issues raised by these pleadings. The plaintiff introduced no evidence whatever to support the allegations of her reply that the release

signed by her was obtained by fraud, or that she did not receive any money from the defendant below, or that the release was without consideration. At the close of the plaintiff's evidence the defendant demurred thereto, which was overruled, and exception saved, and at the close of all the evidence the defendant requested a peremptory instruction to the jury to return a verdict for it, which was refused, and' exception saved, and the defendant brings the case to this court by petition in error and case-made.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

*Pryor, Rockwood & Lively,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The defendant below set out a copy of the release purporting to be signed by the plaintiff, and alleged that it was executed by her. The reply was not verified, and therefore admitted the execution of the written instrument. Rev. Laws 1910, sec. 4759, provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

In construing this statute, it is held in *Harwick v. Atchison,* 8 Okla. 608, 58 Pac. 747:

"Where plaintiff founds his claim to the property in controversy upon a certain note and chattel mortgage, and gives a copy of said note and chattel mortgage in his * * * pleadings, and makes it a part thereof, and the defendant does not deny the execution of such note and mortgage by affidavit, it is not necessary for the plaintiff to prove the execution thereof or the amount due."

12—52

In *Dunn v. Claunch,* 15 Okla. 27, 78 Pac. 388, it is held that, in an action on a forthcoming bond, an unverified general denial admits the execution of the bond. In *St. L. & S. F. R. Co. v. Phillips,* 17 Okla. 264, 87 Pac. 470, it is held that, where a special contract for the carriage of goods is executed by the plaintiff, and in an answer to a petition for damages done the goods the contract is attached, to which the plaintiff replies by an unverified general denial, the execution of the contract is admitted.

In *M., K. & T. Ry. Co. v. Hancock,* 26 Okla. 265, 109 Pac. 223, it is said:

"Since defendant in error's reply was not verified by their affidavit, their denial therein of the execution of the special contract was without effect, and its execution stands admitted (section 4312, Wilson's Rev. & Ann. Stats.), and the burden of showing the want of consideration sufficient to support the instrument lies upon them who seek to avoid it (Wilson's Rev. & Ann. Stats., sec. 774)."

And the same construction is put on the statute in *Guthrie & Western R. R. Co. v. Rhodes,* 19 Okla. 21, on 25, 91 Pac. 1119, 21 L. R. A. (N. S.) 440; *Board of Commissioners of Day County v. State of Kansas,* 19 Okla. 375, on 394, 91 Pac. 699; *St. L. & S. F. R. Co. v. Cake,* 25 Okla. 227, 105 Pac. 322; *Ft. Smith & W. R. Co. v. Solsberger,* 38 Okla. 40, 131 Pac. 1078; *Long v. Shepherd,* 35 Okla. 489, on 493, 130 Pac. 131.

The Supreme Court of the State of Kansas, from which state this statute was adopted, gave the same construction to it long prior to its adoption in this state, in an unbroken line of decisions, beginning with *Gaylord v. Stebbins,* 4 Kan. 42, and extending down to the time when

the statute was adopted by Oklahoma, and when a statute is adopted from another state which has previously been construed by the highest court of the state from which it is taken, the statute is deemed to have been adopted with the construction so given it. *Chisholm v. Weisse,* 2 Okla. 611, 39 Pac. 467; *United States ex rel. v. C., O. & G. R. R. Co.,* 3 Okla. 404, 41 Pac. 729; *Barnes v. Lynch,* 9 Okla. 156, 59 Pac. 995; *Z. J. Fort Produce Co. v. Southwestern Grain & Produce Co.,* 26 Okla. 13, 108 Pac. 386; *Farmers' State Bank v. Stephenson,* 23 Okla. 695, 102 Pac. 992; *National Live Stock Commission Co. v. Taliaferro,* 20 Okla. 177, 93 Pac. 983.

It was therefore settled by a long line of uniform decisions rendered by the Supreme Court of Kansas prior to the adoption of this statute by Oklahoma from that state that allegations of the execution of a written instrument, which instrument, or a copy thereof, is attached to the pleading, are taken as true, unless denied by the affidavit of the party, his agent or attorney, and this rule has also been followed by the Supreme Court both of the Territory and State of Oklahoma. But the defendant in error contends that where, in such case, an unverified pleading is filed, the only remedy is a motion to strike such pleading from the files, and, if this is not done, that it is a waiver of the failure to verify.

In the case at bar it is obvious that a motion to strike the reply from the files must have been refused. The plaintiff had the right, in her reply, to admit that she signed the release, but insist that it was obtained by fraud, or was without consideration, and this is the legal effect of the unverified reply. In *Berry v. Geiser Mfg. Co.,* 15 Okla. 364, 85 Pac. 699, it is held that it is error to sustain a motion to strike certain parts of a pleading, unless

such parts raise issues not proper in the case. And see Rev. Laws 1910, sec. 4770.

The defendant in error relies on *Doughty v. Funk*, 24 Okla. 312, 106 Pac. 634, but the decision in that case was that, where an action is brought by the holder of a note which has not been endorsed to him, his title to the note and right to sue thereon may be put in issue by an unverified answer. It is true the language used in the opinion is broad enough to lend color to the contention of the defendant in error, but the language used in a decision must always be construed in the light of the facts before the court. See *Jones v. Soulard*, 24 How. 41, on page 57, 16 L. Ed. 604, where it is said:

"The use which plaintiff in error has attempted to make of some expressions to be found in the opinion of the court in *The Genesee Chief v. Fitzhugh*, 12 How. 443 [13 L. Ed. 1058], and in other cases, affords a good illustration of the soundness and wisdom of the rules laid down respecting the unauthorized application of words used in one particular sense to a purpose, or subject, or circumstances entirely different. The rule on this point is well settled. It is to confine a *dictum* to the particular circumstances of the case in which it was spoken."

And see *Cohen v. Virginia*, 6 Wheat. 264, on 399, 5 L. Ed. 257; *Joplin Merc. Co. v. U. S.*, 236 U. S. 531, on 538, 35 Sup. Ct. 291, 59 L. Ed. 705; *German Alliance Ins. Co. v. Home Water Co.*, 226 U. S. 220, on 234, 33 Sup. Ct. 32, 57 L. Ed. 195, 42 L. R. A. (N. S.) 1000. The authorities cited in *Doughty v. Funk, supra*, to support the *dictum* we are considering are not applicable where there is such a statutory provision as that contained in Rev. Laws 1910, sec. 4759.

*Gilmore v. Hempstead,* 4 How. Prac. (N. Y.) 153, only decides that it is irregular for a complaint to be sworn to before the plaintiff's attorney, but it cannot be treated as a nullity, and the defendant's remedy is to move to set it aside. When it is remembered that under the New York Code, if the petition was verified, the answer must also be verified to raise an issue, it will be seen that this case has no application. *Warner v. Warner,* 11 Kan. 121, was an action for divorce, in which class of actions the petition was required to be verified, but in that case it was verified before the attorney of the plaintiff, and the court held, following *Gilmore v. Hempstead, supra,* that it was error to overrule a motion to strike the petition from the files, but this case was not a construction of the Kansas statute of which Rev. Laws 1910, sec. 4759, is a copy. This case, therefore, does not support the *dictum* in *Doughty v. Funk, supra. Fitz v. Barnes,* 6 Neb. 435, decides that the failure to properly verify a petition is no reason for dismissing the action, but a motion may be properly made to strike from the files. It appears from the opinion in that case that the statute in that state required the petition to be verified, and the case, therefore, falls under the class of *Warner v. Warner,* 11 Kan. 121, *supra. Indianapolis, etc., R. R. Co. v. Summers,* 28 Ind. 251, and *Vail v. Rinehart,* 105 Ind. 6, 4 N. E. 218, do not apply; for in both of those cases the statute required the pleading attached to be verified in any case. Our statute does not require the pleading to be verified in any case, except in actions for divorce, but provides, if the allegations of the execution of a written instrument are not denied by affidavit, it shall be taken as true. The distinction between the statu-

tory provisions is plain, and decisions applying the statute in the one case cannot apply to the other.

*Payne v. Flourney,* 29 Ark. 500, decides that, where the statute requires an answer to be verified, if the plaintiff files a reply, and evidence is heard on the issue thus made, and a verdict is returned, it is too late to raise the point for the first time in the Supreme Court that the answer was not verified. In the case at bar, if evidence had been introduced by the plaintiff without objection that she did not sign the release, and this issue had gone to the jury, it would have been too late to raise the question for the first time in this court that the reply was not verified, but in the case at bar the plaintiff by her unverified reply admitted the execution of the release, and pleaded fraud and want of consideration in order to nullify the release. At the close of her case, there being no evidence in any way in regard to the release, the defendant demurred thereto, which was overruled, and at the close of all of the evidence, there still being no evidence introduced in regard to the release, asked for a peremptory instruction to return a verdict in its favor, which was also refused.

The cases of *M., K. & T. Ry. Co. v. Hancock,* 26 Okla. 254, 109 Pac. 220, *St. Louis. & S. F. R. Co. v. Cake,* 25 Okla. 227, 105 Pac. 322, *Ft. Smith & W. R. Co. v. Solsberger,* 38 Okla. 40, 131 Pac. 1078, and *Long v. Shepherd,* 35 Okla. 489, on 493, 130 Pac. 131, were all decided after the case of *Doughty v. Funk,* 24 Okla. 312, 103 Pac. 634, and the *decisions* in these cases are plainly irreconcilable with the *dictum* in that case. The defendant in error also cites *Manning v. Stroud State Bank,* 26 Okla. 625, 110 Pac. 650, but that case does not apply, because there the defendant had filed an unverified

answer denying the execution of the instrument sued on, but before the case was called for trial, and without leave of court, verified the answer. The trial court, ignoring the verified answer, gave judgment for the plaintiff on the pleadings. This court reversed the judgment, holding that, although the verified answer was improperly filed, yet as long as it remained on file it was error to ignore it, and that the proper practice was to move to strike the verified answer from the files. This case, therefore, is no authority for the position taken by the defendant in error that the proper practice is to move to strike the unverified pleading from the files.

This raises the question: On whom was the burden of proof in regard to this release? Had the plaintiff verified her reply, the burden would have been on the defendant to prove its execution; but, when this was admitted by the pleadings, it then became incumbent on the plaintiff to prove her allegations of fraud and want of consideration.

The rule is well settled that fraud is never presumed, and that, where a written contract is attacked on that ground, the contract will be upheld, unless the allegations of fraud are established by clear and convincing evidence. In *Moore v. Adams,* 26 Okla. 48, 108 Pac. 392, it is said:

"In cases where fraud is alleged in the procuring of the execution of written instruments or deeds, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel the opposing presumptions. It should be of such weight and exigency as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing as a rule being presumed. When it lies within the power of a party to an action to produce evidence upon an issue, and he fails, the presumption follows that the evidence,

if produced, would be unfavorable to the cause of such party."

This rule is followed in *Herron v. M. Rumley Co.*, 29 Okla. 317, 116 Pac. 952; *Wells Fargo & Co. v. Moore*, 31 Okla. 135, 120 Pac. 612; *Alderson v. Hume*, 40 Okla. 533, 139 Pac. 955; *Hayden v. Dannerburg*, 42 Okla. 776, 143 Pac. 859; *Elliott v. Merriman*, 47 Okla. 717, 150 Pac. 695. And see *Southern Development Co. v. Silva*, 125 U. S. 247, 8 Sup. Ct. 881, 31 L. Ed. 678.

In *St. L. & S. F. R. Co. v. Chester*, 41 Okla. 369, 188 Pac. 150, it-is said:

"This court has evinced no hesitancy in setting aside releases in personal injury cases, when procured by fraud and misrepresentations as to material matters, or for other reasons sufficient in law, as may be observed by a reference to the following cases: *St. L. & S. F. R. Co. v. Richards*, 23 Okla. 256 [102 Pac. 92, 23 L. R. A. (N. S.) 1032]; *St. L. & S. F. R. Co. v. Nichols*, 39 Okla. 522 [136 Pac. 159]; *Herndon v. St. L. & S. F. R. Co.*, 37 Okla. 256 [128 Pac. 727]; *St. L. & S. F. R. Co. v. Reed*, 37 Okla. 350 [132 Pac. 355]. But this does not mean that a contract fairly and honestly entered into can be avoided for slight or frivolous reasons. Indeed, the rule is quite to the contrary. The law and the public policy of all civilized countries, so far as we have observed, favor settlements and compromises, entered into fairly and in good faith between competent persons, as a discouragement to litigation. Indeed, when persons have a dispute and get together and consider and weigh the facts out of which it arises, and then come to an agreement fairly and honestly made, and reduce same to writing, should either of such parties later undertake to repudiate and avoid its terms, the evidence he offers, to be sufficient, must be clear and convincing. Such evidence will generally rest in parol, and, if the person seeking to avoid his written contract has been the victim of fraud

or misrepresentations sufficient to afford him relief, it is not difficult to produce, nor is it a harsh rule to require the evidence to point out the fraud or false statement of fact or other reasons relied on, so that it can be clearly seen by the court or jury that the contract should not stand."

In the case at bar there is no evidence at all of fraud, and the burden was on the plaintiff not only to introduce evidence on this issue, but such evidence must be clear, strong, and convincing.

On the issue of want of consideration the burden was also on the plaintiff. See *M., K. & T. Ry. Co. v. Hancock,* 26 Okla. 268, 109 Pac. 223. It is also provided by Rev. Laws 1910, sec. 934, that a written instrument is presumptive evidence of consideration, and section 935 expressly provides that the burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it. The burden in this respect being upon the plaintiff, it was incumbent upon her to adduce some evidence tending to rebut the statutory presumption. This she wholly failed to do. The rule with reference to the burden of proof of allegations setting up want of consideration is laid down by this court in *Ball v. White,* 50 Okla. 429, 150 Pac. 901, as follows:

"Where the execution of a written instrument is admitted, but want of consideration therefor pleaded, the burden is upon the party executing the instrument to prove by a preponderance of the evidence the want of consideration."

We therefore recommend that the judgment be reversed, and the case remanded, with directions to grant a new trial.

By the Court: It is so ordered.