## ST. LOUIS & S. F. R. CO. v. BRUNER.

No. 5085. Opinion Filed March 28, 1916.

(156 Pac. 649.)

1. **ACTION FOR PERSONAL INJURIES.** The syllabus in **St. L. & S. F. R. Co. v. Mollie Bruner,** 52 Okla. 349, 152 Pac. 1103, is approved and adopted herein.

2. **APPEAL AND ERROR—Ground for Reversal—Instructions— Pleading—Evidence.** The giving of an instruction upon an issue not raised by the pleadings or the evidence, and which will probably tend to confuse the jury, constitutes prejudicial error.

3. **TRIAL—Burden of Proof—Instructions.** The giving of an instruction that a slight preponderance of the evidence will sustain the burden of proof, as applied to an issue of fraud, is prejudicial error.

(Syllabus by Burford, C.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by A. D. Bruner against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed, with directions to grant new trial.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster.* for plaintiff in error.

*C. W. Lively* and *Pryor & Rockwood,* for defendant in error.

Opinion by BURFORD, C.  This is a companion case to *St. Louis & S. F. R. Co. v. Bruner,* 52 Okla. 349, 152 Pac. 1103, that case arising out of injuries received by a daughter, while this case arises from injuries received by the father, in the same accident.  In this case, as in that one, a release in practically the same language was signed. In each case the same reply was pleaded to the answer setting up the release, to wit:

"Comes now the plaintiff, A. D. Bruner, and for reply to the answer of defendant herein denies each and every allegation of new matter therein contained.  And for further reply and defense to said answer says that he never received or accepted any sum of money from said defendant, or signed any release or released said defendant from any liability whatever.  Plaintiff further says that if he did sign any release that the same was obtained by fraud and without consideration and that the same is void."

In the daughter's case, however, there was no evidence of any kind introduced to support the allegations of the reply.  In this case on direct examination of plaintiff the only evidence offered upon the question was:

"Q.  The Frisco Railroad has alleged that there was a settlement made with you for these injuries.  Did you ever receive any money from the Frisco Railroad as settlement of this case?  A.  No."

On cross-examination, plaintiff admitted seeing the railway claim agent, and that the signature on the release was his, but claimed to remember little about the transaction.  He testified that he had been given chloroform at the time he was taken to the hospital where the release was signed.  As to the money, he testified:

"Q.  You say you didn't get any of that money?  A. Never got a cent that I know of.  Q.  Who did get the

money? A. Suppose the hospital. I never saw. the check."

He then said that if he did get the check somebody else collected it, and that he had never settled with the hospital, but understood that the hospital got $150, the amount of the settlement, in payment for fees and services to himself and two daughters. It was further shown that one of the doctors who attended him was the local surgeon of the Frisco. For the defendant it was shown that the conversation with the claim agent was some eight or nine hours after he had been slightly under the influence of chloroform for about ten minutes. Two physicians testified that they saw him at about the time he signed the release, and that they saw nothing unusual in his appearance, and that he seemed perfectly rational. The trained nurse who attended him testified to the same effect. The claim agent testified that plaintiff stated he was glad to get anything, as the accident was all his fault. There was absolutely no testimony as to any false statement or misrepresentation by the claim agent, or as to any deceit in relation to the terms of the release which was signed. With the evidence in this state, the court instructed the jury as follows:

"The defendant has pleaded, as one of its defenses in this action, a settlement and a release executed by the plaintiff.

"You are instructed that, if you find from the evidence that the settlement and release was procured by fraud or duress on the part of the defendant or its agent, then in that event such release and settlement would be void and of no effect, and would not be binding on the plaintiff in this action; otherwise it would be a bar to his recovery in this case. And in determining whether or not the said settlement and release were secured through

fraud or duress, you may take in consideration the circumstances surrounding the plaintiff at the time of making of said settlement and executing said release, also his mental and physical condition and the adequacy or inadequacy of the consideration given the plaintiff for said release and settlement."

The giving of this instruction was the clearest kind of prejudicial error. In the first place, there was not a single element of duress, either pleaded or proven. What induced the trial court to instruct upon duress is a mystery. It was not even suggested in the pleadings or testimony. This court has held in repeated cases that giving an instruction upon an issue not involved, and which tends to confuse the jury, is prejudicial error. *C., R. I. & P. R. Co. v. Beatty*, 42 Okla. 528, 141 Pac. 442; *Kingfisher Nat. Bank v. Johnson et al.*, 22 Okla. 228, 98 Pac. 343; *Burgess v. Felix*, 42 Okla. 193, 140 Pac. 1180; *Levy Bros. v. Western Union*, 39 Okla. 416, 135 Pac. 423; *C., R. I. & P. R. Co. v. Duran*, 38 Okla. 719, 134 Pac. 876. Nor was there any element of fraud proven by the evidence. The reply set out that the release was obtained by fraud, without pleading any fact alleged to constitute the fraud. Waiving the sufficiency of the pleading; however, the proof of fraud entirely fails. "Fraud" in relation to contracts is defined in the statute. Rev. Laws 1910, secs. 902, 905. It ordinarily involves in its very nature something of a misrepresentation or false act or statement as an inducement to or element of the execution of a contract. Contracting with a person of weak or enfeebled mind, or with one who is suffering from injuries, is not fraud. Such conduct might be ground for the rescission of the contract upon the ground of lack of mental capacity *(St. L. & S. F. R. Co. v. Nichols,* 39 Okla. 523, 136 Pac. 159), or it might

bear upon an issue of undue influence (Rev. Laws 1910, sec. 906). If either of these propositions were raised by the pleadings, or were some false statement or representation proved, the surrounding circumstances and the person's physical condition might be competent evidence to prove the probable effect of the false representation or the likelihood of its belief by the party, as in *St. L. & S. F. R. Co. v. Richards*, 23 Okla. 256, 102 Pac. 92, 23 L. R. A. (N. S.) 1032; but upon an issue of fraud alone, in the absence of some false statement or conduct, there is no foundation upon which to build this superstructure of surrounding circumstances, and no reason for the proof thereof . In *St. L. & S. F. R. Co. v. Reed*, 37 Okla. 350, 132 Pac. 355, a decision which well illustrates the rule in this particular class of cases, this court said:

"As a general rule, before fraud (sufficient to warrant the cancellation of a release by an injured passenger to a railroad company in a settlement for damages) can be established, it must be shown that a material representation has been made; that it was false; that when it was made the speaker knew it was untrue, or that it was made recklessly, without knowledge of its truth and as a positive assertion; that it was made with the intention that it should be acted upon by one to whom it was made; that it was so acted upon by reason of the reliance placed upon it; and that damage or injury resulted thereby."

There being no element of fraud or duress proven, the court should not have given the instruction above quoted. It could only present an issue which the evidence did not support and which would tend to, and without doubt did, confuse the jury.

The court went further than this and instructed the jury as follows:

"The court instructs the jury that, while as a matter of law the burden of proof is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence, still, if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor but slightly, it would be sufficient for the jury to find the issues in his favor."

This is clearly wrong as applied to an issue of fraud. The court but made the error in giving the instruction as to fraud worse by lessening beyond the scope of any sound rule the degree of proof required to sustain such a charge. That proof of fraud must be "clear, strong, and convincing," is the settled rule of this and practically every other court. *St. L. & S. F. R. Co. v. Bruner, supra; St. L. & S. F. R. Co. v. Nichols,* 39 Okla. 522, 136 Pac. 159, and cases therein cited; *Insurance Co. v. Nelson,* 103 U. S. 544, 26 L. Ed. 436; *C. & N. W. v. Wilcox,* 116 Fed. 914, 54 C. C. A. 147. Upon lack of consideration, the only allegation of the reply which there was the slightest proof to support, the court did not instruct at all. Without considering whether or not such evidence, if properly submitted, was sufficient to sustain the verdict, and without considering the many remaining assignments of error by plaintiff in error, for the commission of the prejudicial errors above referred to, this cause is reversed, with directions to the trial court to grant a new trial.

By the Court: It is so ordered.