**ST. LOUIS & S. F. R. CO. v. BRUNER.**

No. 4925—Opinion Filed Dec. 12, 1916.

(161 Pac. 788.)

**Release—Evidence—Burden of Proof.**

Where the execution of a release for damages for personal injuries is admitted, and fraud in procuring the execution of the same and want of consideration therefor are pleaded, the burden is upon the party executing the release to prove by a preponderance of the evidence such fraud or want of consideration.

(Syllabus by Rummons, C.)

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action by Florence Bruner against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed, and remanded for new trial.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiff in error.

W. V. Pryor, C. B. Rockwood, and C. W. Lively, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Creek county by the defendant in error, hereinafter styled plaintiff, against the plaintiff in error, hereinafter styled defendant, to recover damages for injuries received because of the running away of a team attached to a vehicle in which plaintiff was riding, resulting in plaintiff being thrown to the ground and injured. Litigation arising out of this accident has been before this court in case of St. Louis & San Francisco Railroad Co. v. Mollie Bruner, 52 Okla. 349, 152 Pac. 1103, and the case of St. Louis & San Francisco Railroad Co. v. A. D. Bruner, 56 Okla. 682, 156 Pac. 649.

Among other defenses pleaded by the defendant in its answer was the execution by plaintiff, in consideration of the sum of $50, of a release discharging defendant from all liability arising out of said accident. To the answer of defendant plaintiff replied, denying generally each and every allegation of new matter therein contained, and denying that she ever accepted any sum of money from defendant or signed any release, or released said defendant from any liability for its wrongful and negligent acts. Plaintiff further alleged in said reply that, if she did sign any release at any time, the same was obtained by fraud and without consideration, and the same is void. This reply was not verified.

At the conclusion of the evidence of plaintiff, defendant demurred thereto, which demurrer was overruled, and exception saved to such ruling by the defendant. At the conclusion of the case defendant moved for a directed verdict, which motion was overruled, and exception saved to such ruling. Plaintiff recovered judgment for the sum of $750, and defendant prosecutes this proceeding in error to reverse the same.

Defendant makes several assignments of error, but we deem it only necessary for a determination of this case to consider the assignment that the court erred in overruling the demurrer of defendant to the evidence of plaintiff. The plaintiff not having verified her reply to the answer of defendant, the execution of the release set up in defendant's answer was admitted, and the burden was upon the plaintiff to establish the facts alleged in her reply seeking to avoid such release. St. Louis & San Francisco Railroad Co. v. Bruner, 52 Okla. 349, 152 Pac. 1103, and cases therein cited.

Plaintiff offered no evidence in chief tending to show that the release relied upon by defendant was obtained by fraud or without consideration, nor did she offer any evidence whatever tending to impeach such release.

Settlements and compromises fairly made and in good faith are favored by the law as a discouragement to litigation, and in the absence of evidence tending to impeach a compromise settlement entered into in a personal injury case, on any of the grounds sufficient in law to avoid such settlement, such settlement will be upheld. St. Louis & San Francisco Railroad Co. v. Chester, 41 Okla. 369, 138 Pac. 150.

The plaintiff having failed to offer any evidence upon which the release relied upon by the defendant could legally be set aside, the trial court erred in overruling the demurrer of the defendant to the evidence of plaintiff.

This cause should be reversed and remanded, with directions to grant defendant a new trial.

By the Court: It is so ordered.